

May 13, 2025

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Advanced Flower Capital Inc. and AFC Agent LLC v. Michael Kanovitz and Jon Loevy*, **No. 1:25-CV-02996-PKC**

Dear Judge Castel:

      On behalf of Defendants Michael Kanovitz and Jon Loevy (the "Defendants"), we respectfully submit this pre-motion letter in anticipation of moving to transfer this civil action to the U.S. District Court for the District of New Jersey. As discussed below, this case is especially well-suited for transfer under 28 U.S.C. §1404(a). Pursuant to Your Honor's Individual Practices, we note that the Court has set an initial pretrial conference for June 9, 2025.

      Defendants further request that the Court stay Defendants' time to answer the Complaint, pending resolution of Defendants' anticipated motion to transfer. Defendants' answer is currently due May 23, 2025, Defendants having once previously sought and been granted an extension from the original answer deadline of May 2, 2025. Defendants respectfully submit that, should the Court grant Defendants' anticipated motion to transfer, the instant action will be consolidated with related cases already pending in the U.S. District Court for the District of New Jersey, as discussed below, and thus Defendants' answer or motion under Rule 12(b), Fed. R. Civ. P., should be filed in the consolidated action in the District of New Jersey, at the appropriate time and pursuant to local rules in that District, rather than here on the current schedule. Defendants likewise request an adjournment of the initial pretrial conference presently set for June 9, 2025, to a date to be determined if the Court ultimately denies the Defendants' anticipated motion to transfer.

      We have conferred with counsel for Plaintiffs, who oppose Defendants' request for a transfer or stay, claiming that federal law is the same in either fora and discovery will be the same in either fora, and thus there is no reason to delay.

      **I.**    **Background**

      Federal law provides a remedy when a lawsuit is brought in a court in which venue technically lies, but which is less well suited to resolving the dispute than another viable federal court. Under 28 U.S.C. §1404(a), a district court may transfer such an action to another federal district "[f]or the convenience of parties and witnesses [and] in the interest of justice." Applying that standard here, this case is well-suited for transfer under § 1404(a).

**Boston**                                          **Miami**                                          **New York**

This case has no connection to the Southern District of New York. Two Plaintiffs, a Maryland corporation headquartered in Florida and a Delaware limited liability company, have sued two individuals who are citizens of Illinois. *See* Dkt. 1, ¶ 19. The dispute centers around a loan to finance the construction of eight cannabis facilities in New Jersey and Pennsylvania. Plaintiffs' 60-page Complaint alleges not a single action that took place in the Southern District of New York (or anywhere else in New York). Indeed, the Complaint's only references to "New York" appear in the case caption and Plaintiffs' counsel's signature block. Although the pertinent loan agreements contain a forum selection clause providing this Court with personal jurisdiction over Plaintiffs and venue for this action, that clause explicitly provides for "*non-exclusive* jurisdiction" in New York. Apart from the fact that a New York law firm drafted the loan agreements, there is no connection to this state.

Instead, the unambiguous "center of gravity" of this litigation is the District of New Jersey. All of the real and personal property at issue is located in New Jersey (and nearby northwestern Pennsylvania), and the lawsuit concerns hundreds of disputed transactions conducted in New Jersey by New Jersey businesses, many relating to the construction of New Jersey cannabis facilities.

The District of New Jersey is also where this dispute is already being actively litigated. This case is the second of three related lawsuits, all filed in the past two months, all arising out of the same New Jersey-centered dispute over the same loan. The first and third of these lawsuits were both filed in the U.S. District Court for the District of New Jersey, on March 7, 2025, and April 17, 2025, respectively, and the suits were deemed related and both assigned to the same federal judge, the Honorable Zahid N. Quraishi.

Not only have these same Plaintiffs already appeared and filed pleadings in the District of New Jersey lawsuits, Judge Quraishi has already read hundreds of pages of briefing on the same issues presented in the instant lawsuit, and conducted an eight-hour evidentiary hearing in which five witnesses testified and dozens of exhibits were entered. As a result of that hearing, Judge Quraishi issued a 39-page Opinion on May 9, 2025, bearing directly on the very issues at the core of the instant lawsuit, including factual findings as to the credibility of key witnesses. *See Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD (D.N.J.), Dkt. 46. If the instant lawsuit, regarding the exact same transactions, were to proceed in a different forum, there would be a serious risk of inconsistent findings. As discussed below, this is one of many factors weighing heavily in favor of transfer to the District of New Jersey, where the instant lawsuit can and should be consolidated with the related cases presently being litigated before Judge Quraishi.

## II.    Summary of the Dispute

Plaintiffs are affiliates of a lender (hereafter, "AFC" or "Plaintiffs") which issues loans to cannabis companies to build cannabis cultivation facilities and dispensaries. *See* Dkt. 1, ¶ 7. Plaintiffs have sued Defendants, who are the two primary owners of a cannabis company (hereinafter, "Justice Grown"), alleging that Plaintiffs' loan to Defendants' company is in default, and accusing Defendants of committing civil RICO violations in connection with those alleged defaults. *See id.* at ¶¶ 1-3.

The threshold issue of whether the underlying loan is in default, however, is already being litigated in the U.S. District Court for the District of New Jersey. The day before AFC filed the instant lawsuit, AFC unilaterally declared the underlying loan in default and, among other actions,

immediately seized money from the bank accounts of Justice Grown's subsidiaries. Justice Grown disputed the default and sued AFC in the U.S. District Court for the District of New Jersey, seeking to enjoin AFC from raiding the subsidiaries' bank accounts until the issue of default is litigated. *See Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD (D.N.J.) (Quraishi, J.). Although the New Jersey lawsuit was filed shortly after this one, the District of New Jersey determined that that the suit was related to an earlier pending lawsuit that was already before Judge Quraishi, in which Justice Grown sought to obtain documents from an alleged AFC agent, Timothy Bossidy, relating to the same loan dispute. *See Bloc Dispensary LLC v. Timothy Bossidy,* No. 3:25-CV-01725-ZNQ-JBD (D.N.J.) (Quraishi, J.). The *Bossidy* litigation was the first of the three lawsuits filed.

Based on the parties' filings and sworn declarations, Judge Quraishi granted Justice Grown's motion for a Temporary Restraining Order and set the matter for a Preliminary Injunction hearing on May 2, 2025. *Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD (D.N.J), Dkt. 14. AFC and Justice Grown's affiliates submitted approximately 150 pages of collective briefing in advance of the Preliminary Injunction hearing. *Id.* at Dkt. 7, 19, 28. The Preliminary Injunction hearing addressed the same issue at the crux of the lawsuit pending before this Court: whether the loan is actually in default, and whether, as AFC also alleges here, these Defendants and their company breached the loan's terms by committing financial and other misconduct. *See generally* Dkt. 1 (Complaint in present litigation); *Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD, at Dkt. 1, 7, 19, 28 (briefing).

At the evidentiary hearing, Judge Quraishi heard sworn testimony from AFC's CEO, Daniel Neville; from Michael Kanovitz, one of Justice Grown's owners (and one of the two Defendants in the action before this Court); from Alexzandra Fields, Justice Grown's CEO; and from two other witnesses. *See Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD, Dkt. 36 (transcript of Preliminary Injunction hearing). Whereas Judge Quraishi found the testimony of Plaintiffs' CEO, Neville, "only somewhat credible and assign[ed] it little weight," *id.*, Dkt. 46 at 15-16, Judge Quraishi found the testimony of Justice Grown's CEO, Fields, "credible and assign[ed] it substantial weight," *id.* at 11.

Thereafter, the Court issued the 39-page Opinion referenced above, granting Justice Grown's Preliminary Injunction in full, and declaring that the pertinent Justice Grown subsidiaries "are not in breach or default" of the very same loan that is at the center of the instant lawsuit now pending before Your Honor. *Id.*, Dkt. 46, 47 (Opinion and Order granting Preliminary Injunction).

### III.   Transfer of Venue Is Proper Under § 1404(a)

Given the posture of the case, and applying the relevant law, the Court should transfer the present action from the Southern District of New York to the District of New Jersey.

Section 1404(a) provides, in its entirety:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In deciding a motion to transfer under section 1404(a), "courts inquire, first 'whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion.'" *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.,* 928 F. Supp. 2d 735, 743-44 (S.D.N.Y. 2013) (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS) (HBP), 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011)). Here, both prongs of inquiry counsel transferring the case to the District of New Jersey.

### A. This Lawsuit Could Have Been Brought in the District of New Jersey.

It is indisputable that this action could have been brought in the District of New Jersey. As Plaintiffs themselves have noted, subject matter jurisdiction lies in the District of New Jersey, as there is federal question and supplemental jurisdiction because of Plaintiffs' RICO claims. *See* Dkt. 1, ¶ 18.

In addition, Plaintiffs cannot dispute that they have sufficient contacts with the transferee district to justify personal jurisdiction under the minimum contacts analysis. *See generally Calder v. Jones,* 465 U.S. 783, 788 (1984). This lawsuit alleges fraud and other misconduct in connection with a loan agreement pursuant to which Plaintiffs spent approximately $40 million to build four cannabis facilities in the District of New Jersey. Plaintiffs' executives also visited the New Jersey facilities on at least a half-dozen occasions. There can be no dispute that Plaintiffs have purposefully availed themselves of the District of New Jersey.

Moreover, the U.S. District Court for the District of New Jersey has personal jurisdiction over all parties, and venue is appropriate there, under 18 U.S.C. § 1965(a), because the parties "transact [their] affairs" in New Jersey. *See, e.g., CGC Holding Co., LLC v. Hutchens,* 824 F. Supp. 2d 1193, 1201 (D. Colo. 2011) (lender who funded borrowers in the district and wired funds to banks in the district "transact[ed] business" there for RICO purposes); *Delta Educ., Inc. v. Langlois,* 719 F. Supp. 42, 50 (D.N.H. 1989) (parties transact their affairs in district where "many of the acts underlying the plaintiff's claims occurred" and "where the individual defendants allegedly obtained information and property from the plaintiff"); *see also PT United Can Co. Ltd. V. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998) (explaining that a civil RICO suit may be brought "in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant").

### B. The Factors Governing Transfer Weigh Heavily in Favor of New Jersey.

When an action could have been brought in the transferee district, courts employ a nine-factor test to determine whether a transfer of venue is appropriate:

> Assessing whether transfer is a valid exercise of discretion requires the Court to balance various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

**Boston**                              **Miami**                              **New York**

*Everlast*, 928 F. Supp. 2d at 743; *accord Kreinberg v. Dow Chem. Co.*, 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007); *Reliance Ins. Co. v. Six Star, Inc.,* 155 F. Supp. 2d 49, 56-57 (S.D.N.Y. 2001).

In this case, nearly every factor favors transfer to the District of New Jersey. Those that do not are a wash, and no factor favors continuing the case in the Southern District of New York (other than that Plaintiffs selected this forum, which, by definition, is true in every case).

1. Convenience of the Witnesses. The convenience of witnesses "is an important consideration" and "has often been described as the single most important" factor in the § 1404(a) analysis. *Everlast,* 928 F. Supp. 2d at 745; *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989).

Here, the convenience of the witnesses favors transfer to the District of New Jersey. Plaintiffs' central claim in this litigation is that Defendants allegedly misappropriated funds intended for the construction of a cannabis cultivation facility in Ewing, New Jersey. The dispute further revolves around the performance of cannabis businesses located in Ewing, Sommerset, and Waretown, New Jersey. The inquiry affiliated with those funds centers on New Jersey. The case will require the testimony of several of the cultivation facility's employees, as well as relevant contractors and vendors, local municipal officials, and bank custodians—all of whom are located in New Jersey.

By contrast, *none* of the relevant witnesses reside in New York. *See, e.g.*, *Everlast*, 928 F. Supp. 2d at 743-44 ("[T]he pertinent witnesses are overwhelmingly based in or near Kansas, and not New York.")

2. Convenience of the Parties. The convenience to the parties themselves somewhat favors transfer to the District of New Jersey. None of the parties reside in either New York or New Jersey. However, New Jersey is a more convenient forum than New York for Defendants, who own a business in Ewing, New Jersey, and thus travel to the area, located just a few minutes away from the federal courthouse in Trenton where Judge Quraishi presides. There is no indication that either forum is more convenient for the Plaintiffs.

Notably, the only interest served by venue in the Southern District of New York is the convenience of Plaintiffs' counsel. However, "[t]he convenience of the parties' lawyers is not relevant to the decision whether to transfer." *GlaxoSmithKline Biologicals, S.A. v. Hospira Worldwide, Inc.*, No. 13 Civ. 1395 (PKC), 2013 WL 2244315, *3 (S.D.N.Y. May 21, 2013) (quoting *Olympia Grp., Inc. v. Cooper Industries, Inc.*, No. 00 Civ. 7367 (MBM), 2001 WL 506219, *2 (S.D.N.Y. May 14, 2001)). Indeed, "the convenience of counsel is not mentioned in § 1404(a), and has generally been given little weight in this factor-balancing analysis." *Research Foundation of State University of New York v. Luminex Corp.*, No. 1:07-CV-1260 (GLS/RFT), 2008 WL 4822276, *5 (N.D.N.Y. Nov. 3, 2008). Accordingly, the Court should afford no consideration to the convenience of counsel. *Meyers v. Allstate Ins. Co.*, No. 08 Civ. 4769 (DF), 2009 WL 804672, at *3 n.4 (S.D.N.Y. Mar. 26, 2009).

3. Location of the Evidence. This factor favors transfer. While documentary evidence is equally available in any district, the buildings constructed and businesses established under the loan are located in New Jersey. The bank accounts at issue are located in New Jersey and Pennsylvania. None of the businesses, construction projects, or bank accounts are located in New York.

   4. <u>Locus of the Operative Facts</u>.  This factor strongly favors transfer to the District of New Jersey, as New Jersey is the "center of gravity" of the case, and the common nucleus of operative fact. *Gov't Employees Ins. Co. v. Active Medical Care, P.C.*, No. 24-CV-995 (DLI) (VMS), 2024 WL 4790169, at *7 (E.D.N.Y. Nov. 14, 2024). After the convenience of the witnesses, the locus of operative facts is a "primary factor" and is generally given the greatest consideration in the analysis under § 1404(a). *Smart v. Goord*, 21 F. Supp. 2d 309, 316 (S.D.N.Y. 1998). A transfer to a district where the key operative events occurred serves "the interests of justice." *Cohn v. Metro. Life Ins., Co.*, No. 07 Civ. 0928 (HB), 2007 WL 1573874, at *3 (S.D.N.Y. May 31, 2007).

   In the present case:

- The lawsuit concerns a complex collection of loan agreements between Plaintiffs and eight entities owned in part by Defendants. All of those borrowers are New Jersey (or Pennsylvania) entities. None is a New York entity.

- The purpose of the loan was to build and operate eight cannabis businesses in New Jersey and Western Pennsylvania. None of those businesses are in New York, or have any connection to New York.

- Many of the parties' disputes about the loan agreement relate to performance of the facilities in New Jersey. None relate to performance in New York.

- Most of the "nearly 100" draw requests referred to by Plaintiffs as fraudulent (Compl. ¶¶ 146-148) related to requests for construction in New Jersey; proving or disproving the validity of those requests necessarily involves New Jersey witnesses.

- The only individual transaction identified as suspect in the 60-page Complaint relates to the purchase of equipment for the New Jersey cultivation facility (*Id.* at ¶¶ 116-117). None of the transactions at issue concern New York in any way.

- Of the 207 employees of Defendants' businesses, 151 are employed in New Jersey. None are employed in New York.

- No operative fact alleged in the Complaint occurred in New York.

   In sum, "the 'center of gravity' of this litigation is in New Jersey." *Gov't Employees Ins. Co.*, 2024 WL 4790169 at *7 (citation omitted); *see also New v. JP Morgan Bank, N.A.*, No. 23 Civ. 9371 (DEH), 2024 WL 4228058, at *6 (S.D.N.Y. Sept. 18, 2024); *Glotser v. Boardwalk Regency LLC*, No. 20 Civ. 2654 (JPC) (SLC), 2023 WL 2162063 at *2 (S.D.N.Y. Feb. 22, 2023); *Lehrer v. J&M Monitoring, Inc.*, No. 20-CV-6956 (KMK), 2022 WL 2392441, at *10 (S.D.N.Y. July 1, 2022). "The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer." *Smart*, 21 F. Supp. 2d at 316 (citation omitted). This factor strongly favors transfer from this district, especially where the Plaintiffs "ha[ve] not shown that any of the operative facts arose in the Southern District of New York." *Dr. Boy GmbH v. Nationwide Ins.*, No. 96 Civ. 3217 (AGS), 1996 WL 350699, at *2 (S.D.N.Y. June 25, 1996).

**Boston**            **Miami**            **New York**

      5. <u>Availability of Process</u>. This factor does not favor either venue. Plaintiffs have not identified any witnesses who can only be compelled to testify in New York, nor have Plaintiffs identified (and Defendants are not aware of) any witnesses at all who reside in New York.

      6. <u>Relative Means of the Parties</u>. This factor favors transfer. Especially given the clear center of gravity in New Jersey, this factor is less important than the others. Nevertheless, Plaintiffs are a publicly-traded company whose market capitalization exceeds $100 million. Conversely, some of the relevant employees of the businesses owned by the Defendants (who are also potential witnesses, and will need to travel to testify) are hourly workers earning less than $50,000 annually.

      7. <u>Familiarity with Governing Law</u>. This factor does not favor either venue. RICO claims are governed by federal law with which courts in the Southern District of New York and the District of New Jersey are both familiar. The lawsuit does not sound in breach of contract, but at least one of the contracts at issue does provide that any disputes will be governed by New York law. "However, this factor merits little weight. In general, this factor is 'one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved.'" *Everlast,* 928 F. Supp. 2d at 747 (quoting *Posven, C.A. v. Liberty Mut. Ins. Co.,* 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004)). Moreover, New Jersey courts have routinely applied New York law in similar cases. *See, e.g.*, *Logan Generating Company, L.P. v. Dann Marine Towing, LC*, 669 F. Supp. 3d 321, 327, 337-41 (D.N.J. 2023) (applying New York law in contract dispute).

      8. <u>Plaintiffs' Choice of Forum</u>. This is the only factor that counsels against transfer. In general, courts give some weight to the Plaintiffs' choice of forum in a § 1404(a) analysis. "But that choice merits less deference 'where the connection between the case and the chosen forum is minimal,'" as is the case here. *Everlast,* 928 F. Supp. 2d at 748 (quoting *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 401 (S.D.N.Y. 2010)).

      While there is some presumption in favor of Plaintiffs' chosen forum, if that were sufficient to control the inquiry, transfer would never be permissible given plaintiffs always choose the forum. And any such presumption "does not apply in cases such as this one where there is little material connection between the chosen forum and the facts and issues of the case." *D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F. Supp. 320, 323 (S.D.N.Y. 1996). Additionally, Plaintiffs' choice of forum is afforded "substantially less deference" where, as here, the chosen forum is not the plaintiff's home forum. *Gemological Institute of America, Inc. v. Thi-Dai Phan,* 145 F. Supp. 2d 68, 71 (D.D.C. 2001).

      9. <u>Trial Efficiency and the Interest of Justice</u>. The judicial economy factor strongly favors transfer. As set forth above, Judge Quraishi of the United States District Court for the District of New Jersey is currently presiding over two related lawsuits involving the exact same facts, many of the same parties, and the exact same complex loan agreements at the center of the instant lawsuit. The first suit, *Bloc Dispensary LLC v. Timothy Bossidy,* No. 3:25-CV-01725-ZNQ-JBD (D.N.J.), was filed on March 7, 2025, a full month prior to Plaintiffs filing the matter before this Court.

      The second suit is even more closely related, and the Court has already made credibility findings regarding the testimony of five witnesses who are also key witnesses in this matter. The plaintiffs in *Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD (D.N.J), are two of the borrowers in the loan at issue

**Boston**                                            **Miami**                                          **New York**

here, and the defendants in that lawsuit are identical to the Plaintiffs here. The plaintiffs in that matter have already sought and obtained a preliminary injunction against the defendants (i.e., against the Plaintiffs in this matter), based on Judge Quraishi's finding that that the borrowers are not in default of the loan—an issue which is the entire premise of the lawsuit before Your Honor. *See Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD (D.N.J.), at Dkt. 47 (Order granting Preliminary Injunction).

In considering this last, important factor, "[m]any courts have recognized that transfer is appropriate when 'two cases involving the same issues are simultaneously pending in different district courts.'" *Mastr Asset Backed Sec. Tr. 2007-WMC1, ex rel. U.S. Bank Nat. Ass'n v. WMC Mortg. LLC*, 880 F. Supp. 2d 418, 424 (S.D.N.Y. 2012) (collecting cases). "The benefits for consolidating related cases in a common forum are often substantial," as "consolidation may advance the strong policy interests of achieving efficient pretrial discovery, avoiding duplicative litigation, and avoiding inconsistent results." *Id.* (cleaned up). "Indeed . . . in many cases, the interests served by consolidating claims in the same forum have been held so substantial as to outweigh not only the plaintiff's choice of forum, but a forum selection clause favoring the transferor forum to which the moving defendant was also bound." *American S.S. Owners Mut. Prot. & Indem. Ass'n v. Am. Boat Co., LLC,* No. 11 Civ. 6804 (PAE), 2012 WL 1382278, *at 3 (S.D.N.Y. Apr. 20, 2012) (collecting cases). Here, the benefits of consolidating the related cases in a common forum are indisputably substantial.

### IV. Conclusion and Proposed Briefing Schedule

In summary, all of the factors this Court must consider in analyzing a motion to transfer under § 1404(a) either favor transfer to the District of New Jersey, heavily favor transfer to the District of New Jersey, or do not favor either fora. Not one of the factors counsels in favor of keeping this action in the Southern District of New York (other than that Plaintiffs picked this forum). Defendants thus anticipate moving the Court to transfer the instant action to the District of New Jersey, where it can be consolidated as a related matter with *Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD (D.N.J.) (Quraishi, J.), and *Bloc Dispensary LLC v. Timothy Bossidy,* 3:25-CV-01725-ZNQ-JBD (D.N.J.) (Quraishi, J.).

Defendants propose filing their anticipated motion to transfer under 28 U.S.C. § 1404(a) within one (1) business day of the Court granting Defendants permission to file. Defendants propose that the parties' briefing schedule follow the default rules set forth in Local Civil Rule 6.1(b).

Dated: May 13, 2025

Respectfully submitted,

By: */s/ Michael B. Homer*
Michael B. Homer
DYNAMIS LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 693-9732
MHomer@dynamisllp.com

*Counsel for Michael Kanovitz, Jon Loevy*

**Boston**         **Miami**         **New York**