

O'Melveny & Myers LLP          T: +1 212 326 2000          File Number: 0008334-00037
1301 Avenue of the Americas    F: +1 212 326 2061
Suite 1700                     omm.com
New York, NY 10019-6022

May 19, 2025

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

**VIA CM-ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: ***Advanced Flower Capital Inc., et al. v. Michael Kanovitz, et al.,***
> ***Case No. 1:25-CV-02996-PKC***

Dear Judge Castel:

    Plaintiffs Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "AFC") respectfully submit this letter in response to Defendants' request to file a motion to transfer this action under 28 U.S.C. § 1404(a) to the U.S. District Court for the District of New Jersey and to delay indefinitely AFC's ability to take discovery. Defendants contend that this case should be transferred to the District of New Jersey for the convenience of the parties and witnesses. But it is not more convenient, so permitting Defendants to file the motion would be a waste of time and resources. And it would be unfair and prejudicial to AFC to allow the motion to serve as an excuse for delaying discovery—discovery that will not be different in the unlikely event that the case is transferred to the District of New Jersey.

    As set forth below—and as will be set forth more fully in Plaintiffs' opposition to Defendants' motion if the Court permits Defendants to file it—Defendants cannot overcome the "significant hurdle" of making a "clear and convincing showing that transfer is preferable." *Albright v. Terraform Labs, Pte. Ltd.*, 641 F. Supp. 3d 48, 55 (S.D.N.Y. 2022). Defendants' arguments for transferring venue are meritless because every consideration points against transfer. First, by Defendants' own admission, the credit and shareholder guaranty agreements at the center of this dispute all contain bargained-for forum selection clauses identifying this Court as an appropriate venue for this action. Second, the first-to-file rule mandates that AFC be allowed to retain the forum of its choice. A *subsequent* lawsuit against AFC in New Jersey—to which Defendants are not even parties—should not cause transfer of this one. Third, despite Defendants' obfuscation, none of the parties or likely witnesses reside in New Jersey, and the factors courts consider under § 1404(a) on a motion to transfer venue point to respecting AFC's choice of forum.

**I.    The agreements underlying this dispute contain New York forum selection and choice-of-law clauses.**

Defendants Jon Loevy and Michael Kanovitz own an array of related cannabis companies known as Justice Grown.  AFC's claims arise out of a nearly $100 million secured loan it has made to eight different Pennsylvania and New Jersey Justice Grown entities.  AFC alleges, among other things, that Messrs. Loevy and Kanovitz committed fraud on AFC by transferring funds from the borrowers to Justice Grown entities in other states and lying to AFC about it.  AFC also seeks recovery under a "Shareholder Guaranty" that Defendants executed to guarantee some of the borrowers' obligations under the credit agreement.

Messrs. Loevy and Kanovitz agreed in the Shareholder Guaranty that: "The provisions regarding choice of law and venue and jury trial waiver set forth in Section 13 of the Credit Agreement are applicable to each Guarantor fully as though such Guarantor were a party thereto, and such providers are hereby incorporated herein by reference, *mutatis mutandis*."  (Ex. A § 24(b).)  Section 13(c) of the Credit Agreement, in turn, provides that the borrowers and their parent company, Delaware corporation JG HoldCo (and therefore each Defendant):

> . . . HEREBY IRREVOCABLY AND UNCONDITIONALLY SUBMITS TO THE NON-EXCLUSIVE JURISDICTION OF . . . THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO ANY LOAN DOCUMENTS . . . .  NOTHING IN THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT SHALL AFFECT ANY RIGHT THAT [AFC] MAY OTHERWISE HAVE TO BRING ANY ACTION OR PROCEEDING RELATING TO THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT AGAINST [THE JG ENTITIES] IN THE COURTS OF ANY JURISDICTION.

(Ex. B ¶ 13(c); *see also* ¶ 13(a) (requiring all disputes related to loan be governed by New York law).)  And though the first sentence of Paragraph 13(c) contains the word "non-exclusive," the remainder of the clause indicates that the non-exclusivity of forum choice is only for the benefit of AFC, because it explicitly allows AFC to bring claims against Justice Grown in other courts but does not say the converse.  These clauses are not mere boilerplate.  They are the product of negotiation between sophisticated parties, all represented by counsel, and reflect the parties' mutual intent to govern their agreements under New York law and resolve their disputes in New York.

"[E]ven non-exclusive forum selection clauses carry significant weight in determining whether to transfer venue." *Ramada Franchise Sys., Inc. v. Cusack Dev., Inc.*, 1997 WL 304885, at *3 (S.D.N.Y. June 6, 1997).  "The non-exclusivity of [AFC's] choice of forum does not affect [Defendants'] unequivocal consent to

jurisdiction and waiver of [any objection to] venue in New York." *Id.* Defendants' agreement to the New York forum provision should foreclose their argument that New Jersey is the more convenient forum. *See, e.g.*, *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses."). Defendants' request for a transfer should be denied on this basis alone.

## II. The first-to-file rule bars transferring this action to the District of New Jersey.

This case is the first filed case involving AFC and Defendants in any forum. Defendants point to *Hayden Gateway LLC & Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC*, No. 3:25-CV-02789-ZNQ-JBD (D.N.J.). But Defendants admit that it "was filed shortly after this one." (Defs.' Pre-Motion Letter, ECF No. 11 ("Letter") at 3.) Defendants attempt to avoid the application of the first-filed rule by pointing to a preliminary injunction hearing in that case and claiming that the parties are "actively litigat[ing]" in the District of New Jersey. (Letter at 2.) But *Defendants* are not litigating there at all—they are not parties to that lawsuit. And AFC has not yet even responded to the complaint and will not do so for nearly three weeks. After obtaining an extension of time to respond to AFC's complaint here, Defendants' deadline to respond to the Complaint is in a few days. That case was filed after this one and is not further along—AFC has not even mentioned the money transfers to the New Jersey court. Defendants can muster no other argument as to why the first-filed rule should not apply to keep this case in this District: "Where there are two competing lawsuits, the first suit should have priority." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008). The first-filed rule should preclude a transfer to the District of New Jersey.

Defendants note that before AFC filed this action, they caused one of the borrowers, Bloc Dispensary LLC, to file a lawsuit against its former Chief Restructuring Officer, Tim Bossidy, claiming that he breached his fiduciary duties to Bloc. *See Bloc Dispensary LLC v. Timothy Bossidy*, No. 3:25-CV-01725-ZNQ-JBD (D.N.J.). But the *Bossidy* case cannot be considered the "first filed." Although Defendants suggest otherwise, neither AFC nor either of Defendants here is a party to that lawsuit. (*See* Letter at 7 (falsely stating that *Bossidy* involves "many of the same parties" as this case).) And the *Bossidy* lawsuit involves no claims under the Credit Agreement or the Shareholder Guaranty. In fact, Defendants characterize it as a suit "in which [Bloc] sought to obtain documents from [Mr. Bossidy]." (Letter at 3.) A third party's action "to obtain documents" from another third party can hardly be considered relevant here.

Nevertheless, Defendants claim that "[t]his case is the second of three related lawsuits" and note that the "first and third of these lawsuits were both filed in the U.S. District Court for the District of New Jersey . . . , and the suits were deemed related." (Letter at 2.)  Defendants use the passive voice to hide the fact that only Justice Grown did the deeming, because it was Justice Grown that marked their second New Jersey suit as "related" to the *Bossidy* litigation, causing the clerk's office to assign it to the same judge.  No judge, anywhere, has ever agreed with Defendants' self-serving assessment of relatedness, to which AFC is still entitled to object.  *See* D.N.J. Civ. L.R. 40.1(c)–(d).[1]  To the contrary, the New Jersey court stated explicitly in discussing this action commenced by AFC: "I understand that's not necessarily related to this litigation" before me. (Ex. C at 77:21-22.)

Defendants' argument of relatedness fails for yet another reason.  The contract governing Bloc's relationship with Mr. Bossidy contains an *exclusive* forum provision of Los Angeles, California, and mandates that *California law* apply to their relationship. (Ex. D § 48.)  Defendants do not even attempt to explain how a dispute governed by California law that the parties to it agreed could be heard only in California relates to this dispute governed by New York law that the parties to it agreed could be heard in New York.

Mr. Bossidy has already filed his request to the District of New Jersey for transfer to California in light of their exclusive forum provision. (Ex. E.)  That motion will inevitably be granted under *Atlantic Marine*.  *See* 571 U.S. at 62 ("Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied" when seeking transfer to previously agreed forum.).  Although Mr. Bossidy made that application before Defendants filed their pre-motion letter, Defendants have chosen not to acknowledge that their repeated incantation of the *Bossidy* action as the first filed will soon no longer point to a transfer to New Jersey because it will soon be in California.  Defendants caused Bloc to break its contractual promise to sue Mr. Bossidy only in California.  They should not be rewarded for doing so by being allowed to also renege on their contractual promise to AFC that this forum is appropriate for a suit against them.

### III. The § 1404(a) factors do not favor transfer to New Jersey.

AFC's "choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of factors is strongly in favor of the defendant." *Starr Indemnity & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 433–34 (S.D.N.Y. 2018).  The parties agree that the factors include: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the weight accorded the plaintiff's choice of forum; (4) a forum's familiarity with the governing law; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the locus

---

[1] Defendants' claim that "the District of New Jersey determined that the [second] suit was related to" the *Bossidy* suit (Letter at 3) is thus misleading at best.

of operative facts; (7) the availability of process to compel attendance of unwilling witnesses; (8) the relative means of the parties; and (9) trial efficiency and the interest of justice.  (*See* Letter at 4.)  Defendants cannot show that these factors outweigh AFC's choice of forum.

   ***Convenience of Witnesses.***  Defendants acknowledge that convenience of witnesses is the most important factor but cannot identify a *single* witness for this action who resides in New Jersey.  Mr. Loevy and Mr. Kanovitz both live in Illinois, as does Justice Grown's CEO.  To AFC's knowledge, Justice Grown's CFO and controller—who have attempted to defend the money transfers at issue here—live in Vermont and Illinois, respectively.  And the two former employees Defendants have blamed for the money transfers reside in California and Nevada.  Most AFC employees live in Florida.  The exception is AFC's CEO, who lives right here in Manhattan.[2]  And just for good measure, Mr. Bossidy lives in Florida.  In short, AFC can identify approximately ten individuals it expects to depose or call at trial in this action, and none lives in New Jersey.

   Defendants, of course, know this: They claim that this case involves the same issues as their second New Jersey action, and *zero* of the eight witnesses Justice Grown presented to the New Jersey court in connection with their preliminary injunction request in that case resides in New Jersey.  One witness Justice Grown called at the hearing even had to testify by Zoom, because he could not be brought to New Jersey.  Defendants' conclusory, unsupported statement that witnesses for this action reside in New Jersey is just that—conclusory and unsupported.  This factor alone precludes transfer.

   ***Convenience of the Parties.***  The parties agree that none of the parties resides in New York or New Jersey.  But Defendants' suggestion that this forum is convenient only for AFC's counsel is specious—AFC's CEO lives here.  And while Defendants claim that they visit Trenton, New Jersey, often—a claim they likely will not  be able to support with evidence—they cannot dispute that they also visit New York City quite often.  Defendants are practicing attorneys who have filed at least three lawsuits in this Court on behalf of their clients just in the last few months, including *Musick. et al. v. Dotdash Meredith, Inc.*, Case No. 1:25-cv-01718-PKC, pending before Your Honor.  In any event, Defendants live in Chicago.  This courthouse—less than fifteen miles from three major airports—is more convenient for them than the Trenton courthouse.  This factor favors retention.

   ***Plaintiff's Forum Choice.***  Plaintiffs' selection of the contractually-designated district is entitled to substantial deference, especially where Plaintiffs

---

[2] AFC assumes that Defendants' misrepresentation to the Court that "*none* of the relevant witnesses reside in New York" (Letter at 5 (emphasis in original)) was inadvertent.

are not "forum shopping" but following the parties' bargain.  This factor favors retention.

**Forum's Familiarity with Governing Law.**  Defendants cannot dispute that the contracts at issue here—and the tort claims related to them—are governed by New York law.  This Court, being located in New York, has more familiarity with New York law.  This factor favors retention.

**Location of Evidence.**  The key documentary evidence consists of wire records, emails, and accounting files maintained by the parties in their respective headquarters of Florida and Illinois.  Defendants note that one of the physical plants constructed with AFC's funds is in New Jersey but do not explain why that matters—AFC is not bringing a construction claim.  This factor is neutral.

**Locus of Operative Facts.**  This case involves Defendants' unlawful RICO enterprise based on a pattern of illegal fund transfers across numerous states.  That scheme was orchestrated from Illinois, where they live.  Defendants do not point to any relevant *conduct* that occurred in New Jersey—only a building that has no relevance to the alleged scheme.  This factor is neutral.

**Availability of Process.**  Defendants identify no non-party witness residing in New Jersey beyond 100 miles who would refuse to appear voluntarily in the Southern District of New York.  As explained above, Defendants identify no witness at all who resides in New Jersey.  This factor is neutral.

**Relative Means.**  Defendants are affluent attorneys who publicly tout eight-figure litigation victories; they cannot credibly claim hardship litigating in this District, where they regularly appear.  They live in Chicago, so it is not less costly for them to litigate in New Jersey than in New York.  And Defendants should not be rewarded for changing their story when convenient.  They imply to this Court that AFC is flush with cash (Letter at 7), but Mr. Loevy argued (incorrectly) in New Jersey that AFC was "desperate for cash."  (Ex. C at 64:8; *see also id.* 255:11–13.  (Mr. Kanovitz testifying under oath that he believes that AFC is in "financial distress").)  There is no disparity in means between the parties that would justify transfer, and Defendants should be estopped from arguing otherwise.  This factor is neutral.

**Trial Efficiency and Interests of Justice.**  The "interests of justice" are best served by keeping AFC's claims here, in the forum Defendants agreed was appropriate and thus where AFC filed them.  Defendants argue that if the cases were in the same forum, they would seek consolidation. (Letter at 8.)  But Defendants will be unable to demonstrate sufficient "common questions of law or fact" needed for consolidation.  *See* Fed. R. Civ. P. 42(a).  In any event, if Defendants want the cases consolidated, they should cause Justice Grown to transfer its later-filed action here.  AFC would have no objection to them seeking to do so.

Moreover, AFC has also filed suit in New York state court to enforce a guaranty provided by the borrowers' parent company, which is owned by Defendants. *See AFC Agent LLC v. JG HoldCo LLC*, Index No. 652644/2025 (New York Cty.). No federal court has subject-matter jurisdiction over that case, so AFC will have to litigate for repayment in multiple fora, with or without transfer. Defendants' desire for consolidation does not trump the interest of justice in allowing AFC to proceed here. This factor favors retention.

### IV.     No stay or adjournment is warranted.

Defendants' request to delay discovery while this Court adjudicates their transfer motion should be denied. As explained above, the transfer motion is meritless. But in any event there is no justification for a discovery stay because the discovery taken for these claims should not differ in the District of New Jersey, which also follows the Federal Rules of Civil Procedure. AFC is entitled to take discovery now, and it was Defendants' choice to wait a month after being served with the Complaint to raise the issue of transfer. AFC should not be prejudiced with delay.

*     *     *

We are available to discuss these issues at Your Honor's convenience.

Respectfully,

Abby F. Rudzin

cc: All counsel (via ECF)