**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7160**

WRITER'S EMAIL ADDRESS
**kevinreed@quinnemanuel.com**

May 30, 2025

**VIA ECF**

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Advanced Flower Capital Inc. and AFC Agent LLC v. Michael Kanovitz and Jon Loevy*
    (Case No. 1:25-cv-02996)

Dear Judge Castel:

We represent Plaintiffs Advanced Flower Capital Inc. and AFC Agent LLC (together, "Plaintiffs" or "AFC").[1] This letter responds to the May 23, 2025 pre-motion letter filed by Defendants Michael Kanovitz and Jon Loevy, which seeks leave to file a motion to dismiss the Complaint (ECF No. 1). As explained below, Defendants' Pre-Motion Letter evinces a misunderstanding of the Complaint's factual allegations and legal claims and thus suggests that both Defendants and the Court would benefit from a refined statement of AFC's case. To that end, AFC respectfully advises that it intends to amend its complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) and requests that the deadline for its amended complaint be set for June 20, 2025.

**I.   BACKGROUND**

This case concerns a dispute between a lender, AFC, and two personal guarantors for a serially-delinquent borrower, referred to in the Complaint as "Justice Grown." Justice Grown is a business that holds licenses for the cultivation, manufacturing, and distribution of cannabis and cannabis products in several states. AFC provided a substantial $75.4 million credit facility to finance Justice Grown's cannabis operations in New Jersey and Pennsylvania. Defendants in the pending action provided personal guarantees on this credit facility from AFC to Justice Grown,

---

[1] All capitalized terms not otherwise defined herein have the same meaning as those set forth in the Complaint.

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

first entered into via the April 2021 Credit Agreement (along with amendments thereto, the "Loan").

AFC filed the Complaint in this case against Justice Grown's guarantors on April 10, 2025, seeking to enforce the Shareholder Guaranty and alleging that Defendants perpetrated a scheme through which they systematically defrauded AFC by, among other things: (1) violating the Loan by diverting nearly $20 million in loan proceeds to entities they controlled, (2) repeatedly making false certifications of compliance to AFC to obtain additional funding, and (3) concealing valuable affiliate assets that should have secured the loan. The Complaint alleges this conduct violated federal RICO statutes and constituted fraud, breach of contract, tortious interference, and conversion.

After this case was filed, one of Justice Grown's New Jersey subsidiaries, Hayden Gateway LLC, and one of Justice Grown's Pennsylvania subsidiaries, Bloc Dispensary LLC, sued AFC in the District of New Jersey for alleged breaches of contract arising from AFC's collection of cash from an escrow account holding Justice Grown's debt payments. *Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC,* No. 3:25-CV-02789-ZNQ-JBD (the "New Jersey Action"). In the New Jersey Action, Hayden Gateway and Bloc Dispensary argue that they are not in breach of the operative contracts and that AFC is ultimately responsible for any default on the Loan.

## II.   DEFENDANTS' MOTION

Defendants assert three possible grounds for dismissal: first, that the recent preliminary injunction ruling in the New Jersey Action establishes that the Loan is not in default; second, that this Court lacks personal jurisdiction over the Defendants; and, lastly, that the Complaint fails to state a claim for which relief may be granted. Each of these arguments is flawed. We address the first two of these here but, in view of AFC's intention to amend its Complaint, provide only limited discussion of the third.

### A. The New Jersey Action Does Not Preclude Plaintiffs' Claims.

Defendants' argument that the preliminary injunction issued in the New Jersey Action establishes that the Loan is not in default, and thereby defeats Plaintiffs' claims in this action, is without merit. As an initial matter, the findings underpinning the New Jersey court's preliminary injunction are only preliminary and do not finally establish anything, particularly given that they were made without the benefit of discovery. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987) (distinguishing "a likelihood of success on the merits" from "*actual* success"); *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 274 (2d Cir. 1992) ("It would . . . be anomalous at least in most cases, and here, to regard the initial [preliminary injunction] ruling as foreclosing the subsequent, more thorough consideration of the merits that the preliminary injunction expressly envisions."). AFC believes that the preliminary injunction was improvidently granted and intends to both appeal the ruling and defend the allegations in the New Jersey Action on the merits.

More fundamentally, the claims (and parties) in this action are different from those being litigated in the New Jersey Action. The plaintiffs in the New Jersey Action, two of Justice Grown's

subsidiaries, have asked that court to rule that the Loan is not in default and to bar AFC from exercising its rights and remedies upon a default. In this case, AFC does not merely seek to hold Defendants Loevy and Kanovitz liable as guarantors on the Loan, but also brings separate claims against Defendants for fraud and other misconduct in connection with Justice Grown's procuring, performance under, and securing of extensions and forbearance of the Loan. These claims are based on Defendants' personal misconduct—including the diversion of nearly $20 million in loan proceeds and concealment of millions of dollars in affiliate assets—and do not depend on establishing a current default on the Loan.[2]

### B. The Court May Properly Exercise Personal Jurisdiction Over Defendants.

Defendants' challenge to this Court's personal jurisdiction is baseless. Defendants are parties to the Shareholder Guaranty, which specifically incorporates the New York forum selection clause from the Credit Agreement. Section 24(b) of the Shareholder Guaranty states: "The provisions regarding choice of law and venue and jury trial waiver set forth in Section 13 of the Credit Agreement are applicable to each Guarantor fully as though such Guarantor were a party thereto, and such provisions are hereby incorporated herein by reference, mutatis mutandis." The Credit Agreement's Section 13(c) states that the parties "HEREBY IRREVOCABLY AND UNCONDITIONALLY SUBMIT[] TO THE NON-EXCLUSIVE JURISDICTION OF... THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO ANY LOAN DOCUMENTS..." By executing the Shareholder Guaranty, Defendants Loevy and Kanovitz thus specifically consented to this Court's exercise of personal jurisdiction over claims falling within this forum selection clause. *Ademco Inc. v. TWS Tech. Ltd.*, No. 23-CV-8383 (AS), 2024 WL 3567417, at *3 (S.D.N.Y. July 29, 2024) ("'An enforceable forum selection clause amounts to consent to personal jurisdiction.'") (quoting *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 342 (S.D.N.Y. 2020) (cleaned up)). And all of the claims AFC asserts here fall within the forum selection clause, as they all "arise out of or relat[e] to [the] loan documents."

### C. Defendants' Rule 12(b)(6) Arguments Similarly Lack Merit.

AFC's Complaint plainly states cognizable claims. The Complaint's allegations are concrete and detailed: Defendants diverted $20 million in loan proceeds to their own entities, made specific improper transfers on identifiable dates, and concealed $22 million in affiliate assets from their lender. *See* Compl. ¶¶ 71, 75, 169, 218–21. These factual allegations establish the elements of fraud, breach of contract, and AFC's other claims. AFC nonetheless plans to file an amended complaint in the interest of efficiency to eliminate any perceived deficiencies in its pleading.

\*     \*     \*

For the reasons set forth above, Defendants' proposed motion to dismiss lacks merit. Nevertheless, in the interest of moving toward a decision on the merits, AFC proposes that the Court set a deadline of June 20, 2025 for its amended complaint.

---

[2] These issues and claims have not been litigated in the New Jersey Action.

Respectfully submitted,

*/s/ Kevin S. Reed*

Kevin S. Reed
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7160
kevinreed@quinnemanuel.com

*Counsel for Plaintiffs Advanced Flower Capital Inc. and AFC Agent LLC*