June 2, 2025

<u>**Via ECF**</u>

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Advanced Flower Capital Inc. and AFC Agent LLC v. Michael Kanovitz and Jon Loevy* (Case No. 1:25-cv-02996)

Dear Judge Castel:

In accordance with the Court's Initial Pretrial Conference Order dated April 15, 2025 ("Order"), Plaintiffs Advanced Flower Capital Inc. and AFC Agent LLC (together, "Plaintiffs" or "AFC") and Defendants Michael Kanovitz and Jon Loevy (together, "Defendants"), by counsel, respectfully submit this joint letter in advance of the Initial Pretrial Conference in this case that is scheduled for June 9, 2025, at 11:00 a.m.[1]

    1.    <u>Brief Description of the Case</u>

        (a) <u>Plaintiffs' Description of the Case</u>

AFC is an institutional lender specializing in commercial real estate loans to cannabis industry operators. In April 2021, AFC entered into a credit agreement (together with amendments thereto, the "Loan") with a series of entities referred to the in the Complaint as "Justice Grown," co-founded by Jon Loevy and Michael Kanovitz, to finance construction of cannabis facilities in New Jersey and Pennsylvania. The initial loan commitment was $46.15 million, later increased to over $75 million through amendments. To secure these loans, Loevy and Kanovitz signed a Shareholder Guaranty personally guaranteeing the borrowers' obligations, including losses arising from material breaches, fraud, malfeasance, intentional misrepresentations, and misappropriation of funds.

AFC filed the complaint in this case on April 10, 2025, alleging claims for racketeering, breach contract, tortious interference, and fraud (ECF No. 1, "Complaint"). AFC alleges that Defendants have engaged in a pattern of fraudulent and deceitful conduct to induce AFC to lend Justice Grown more and more money for construction of cannabis facilities while instead using

---

[1] All capitalized terms not otherwise defined herein have the same meaning as those set forth in the Complaint.

1

the money for their own benefit and to prop up other business ventures, hiding Justice Grown's continual defaults under the loan agreement, and denying AFC access to sufficient collateral for that loan.

(b) Defendants' Description of the Case

This is the second-filed of three related cases, all arising out of the same dispute over the same loan, a dispute with its "center of gravity" in New Jersey. The first and third cases have been consolidated as related in the U.S. District Court for the District of New Jersey, where the Honorable Zahid N. Quraishi has already conducted an evidentiary hearing on a preliminary judgment motion at which five key witnesses testified. After that hearing, Judge Quraishi wrote a lengthy opinion making a number of findings that directly contradict the core allegations in Plaintiffs' Complaint, which Plaintiffs have since asked the Court for permission to withdraw so they can try to re-plead. *See* Dkt. 18 (letter from Plaintiffs advising they intend to amend their complaint).

Given that Judge Quraishi is already presiding over this dispute, Defendants have filed a letter asking this Court for leave to move to transfer this case to Judge Quraishi in New Jersey. *See* Dkt. 11. In Defendants' view, Plaintiffs' primary motivation for keeping this case away from those related cases is Plaintiffs' apparent hope that this Court will somehow view the same dispute differently and entertain an inconsistent judgment.

(c) Plaintiffs' Statement of Factual and Legal Bases for the Claims

The Complaint alleges that, through a pattern of misrepresentations and self-dealing, Defendants diverted nearly $20 million in loan proceeds to their personal benefit and affiliated businesses in violation of contractual restrictions. Acting through their control of affiliated entities, Defendants repeatedly misrepresented the borrowers' compliance with financial covenants, submitted false draw requests, and failed to honor their obligations under a personal guaranty. Specifically, between November 2021 and February 2025, Defendants submitted or caused the submission of 97 draw requests totaling over $41 million and eight compliance certificates, each containing material misrepresentations about the borrower's financial condition and covenant compliance.

Plaintiffs additionally allege that Defendants breached the Shareholder Guaranty by failing to cover AFC's losses arising from material misrepresentations, misapplication of funds, and the borrowers' failure to pay over $10.5 million in taxes and vendor charges. As insiders, Defendants directed a series of prohibited transfers—$15.9 million to Oakland Manager (their management company), $2.3 million to cannabis operations in Illinois, nearly $1 million to pay personal law firm debts, and other disbursements to affiliates—that violated multiple covenants of the Credit Agreement. Although these payments constituted Events of Default, Defendants repeatedly certified in loan amendments and forbearance agreements that no such defaults existed.

Plaintiffs also allege that Defendant Loevy committed fraud by submitting a false "perfection certificate" in May 2024 that omitted at least four valuable affiliated entities—including TC Applico, which later sold its assets for $17.5 million, with $6.75 million directed to an entity controlled by Defendants. Moreover, Defendants tortiously interfered with the Credit

Agreement by orchestrating prohibited fund transfers that exacerbated covenant violations, and converted AFC's collateral by exercising unauthorized control over loan proceeds earmarked for specific uses.

While Defendants employ inflammatory rhetoric to inappropriately characterize both pre-suit discussions and Plaintiffs' claims, their own factual statement notably lacks any substantive response to the specific misconduct alleged in the Complaint. Defendants also suggest that Judge Quraishi's preliminary ruling—issued before any discovery and which Plaintiffs have appealed—somehow vitiates the bases for this case. For the reasons explained in Plaintiffs' May 30, 2025 letter responding to Defendants' proposed motion to dismiss, that assertion is incorrect. The New Jersey proceedings did not address, and Judge Quraishi did not rule on, the specific allegations of fund diversion and misappropriation that form the core of this action. And the claims in this case are broader than and not dependent on proving a current default on the loan.

Plaintiffs request, in addition to monetary relief, appropriate equitable remedies, including an accounting of diverted assets and measures to prevent further harm.

(d) Defendants' Statement of Factual and Legal Bases for the Claims

The allegations described above, all drawn from Plaintiffs' Complaint, are frivolous. Indeed, faced with Defendants' arguments that these allegations are inadequate as a legal and factual matter to state viable claims, Plaintiffs have since decided to withdraw their Complaint, so that they may try again by re-pleading.

Prior to filing, Plaintiffs tried to extort $30 million from the Defendants, demanding the Defendants pay money that they do not owe over a loan that Judge Quraishi has since declared is not even in default. Plaintiffs had threatened that, unless Defendants gave in to this extortion, Plaintiffs would try to destroy the Defendants' personal and professional reputations as attorneys by suing them for fraudulent RICO activity, regardless of the lack of any actual misconduct. When Defendants refused to be extorted because they have done nothing wrong, Plaintiffs followed through with their threat, filing the instant action and supplementing their complaint with public statements calling Defendants fraudsters and thieves.

Meanwhile, the litigation before Judge Quraishi has proceeded in the first-filed and third-filed in the trilogy of cases arising out of this loan. After considering hundreds of pages of documents and hearing testimony from, among others, one of the Defendants and Plaintiffs' CEO, Judge Quraishi wrote a lengthy opinion which affirmatively declared that Defendants' company has not breached the loan in any of the alleged respects. On that basis, Judge Quraishi enjoined the Plaintiffs from taking any further steps to unlawfully destroy Defendants' company.

There is no factual or legal basis for Plaintiffs' claims that the Defendants allegedly breached the loan in innumerable ways, including supposedly diverting millions of dollars in loan proceeds, when Judge Quraishi has already determined that the loan is not even in default in the first place. If the loan is not in default, Plaintiffs cannot plausibly allege that Defendants diverted tens of millions of loan proceeds and committed other terrible misconduct—which they most certainly did not do. The Defendants did not make any misrepresentations, nor divert a single

dollar in loan proceeds. In fact, as Plaintiffs are well-aware, Defendants actually put far more of their own money into the operative bank account than the Plaintiffs claim they removed. As stated, the allegations are frivolous.

In sum, this lawsuit is not a legitimate attempt to seek redress for genuine injuries. It is a defamatory and unjustifiable attempt to try to gain leverage in a contentious loan negotiation.

2. <u>Contemplated Motions</u>

On May 13, 2025, Defendants filed a pre-motion letter seeking leave to file a motion to transfer under 28 U.S.C. § 1404(a) and stay their time to answer the Complaint pending resolution of such motion. ECF No. 11.

Plaintiffs responded to the letter on May 19, 2025 opposing transfer and any discovery stay and explaining why several of Plaintiff's arguments about transfer in this joint submission are erroneous and meritless. ECF No. 14.

On May 23, 2025, Defendants filed a pre-motion letter seeking leave to file a motion to dismiss the complaint for having failed to state any viable claims, and for failing to satisfy the particularity requirements of Rule 9(b). ECF No. 15.

Plaintiffs responded to the letter on May 30, 2025, ECF No. 18, disagreeing with the alleged factual and legal basis of the proposed motion to dismiss and proposing that instead of defending the existing version of the complaint against Defendants' motion to dismiss, AFC would file an amended complaint by June 20, 2025, to provide additional factual detail and further refine its claims. Contrary to Defendants' contentions throughout this letter, Plaintiff's position is that it did not "withdraw" its complaint.

In the event Plaintiffs decide to replead their allegations that the Defendants conspired to commit serious misconduct in breach of the loan—even after Judge Quraishi has declared that the loan is not in breach in the first place—Defendants may again seek leave to file a motion to dismiss.

Additionally, Defendants' understanding is that Plaintiffs contemplate asking the Court to dispense with the usual presumption that discovery not commence until the parties are at issue. Defendants will oppose any such motion, as there are four unusually strong reasons to adhere to the usual presumption against starting discovery before the parties are at issue: (1) the case involves RICO and fraud allegations, and in that context, the law prohibits parties from filing specious claims and then trying to fill in the details later through discovery; (2) faced with Defendants' request for dismissal, the Plaintiffs have asked the Court to allow them to withdraw their complaint so they might try to re-plead (even though they had as much time and information as they needed to get it right the first time) such that there is no operative complaint on which the parties would be conducting discovery; and (3) Defendants have made a persuasive request to transfer the case that should be resolved before discovery commences.

Plaintiff disagrees that there is any basis to stay discovery in this matter and disagrees with Defendants' statement that there is a "usual presumption against discovery."

3. <u>The Prospect for Settlement</u>

Plaintiffs' Statement: Given the significant factual disputes and the early stage of the litigation, Plaintiffs belief it is premature to evaluate the prospect of settlement.

Defendants' Statement: Because of their steadfast belief that they are being extorted over frivolous RICO claims brought for an improper purpose, Defendants are unwilling to engage in any settlement discussions, now or in the future.

4. <u>Conclusion</u>

As the Court's Order also requires, the parties are jointly preparing a proposed Case Management Plan to be submitted at the Initial Pretrial Conference. The undersigned counsel look forward to addressing these matters at the Conference and thank Your Honor for your attention to this case.

Respectfully submitted,

*/s/ Kevin S. Reed*
Kevin S. Reed
Jason Sternberg
Alex Zuckerman
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, New York 10016

*Attorneys for Plaintiff s*
*Advanced Flower Capital Inc.*
*and AFC Agent LLC*


*/s/ Michael B. Homer*
Michael B. Homer
DYNAMIS LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
(t) 617-693-9732
mhomer@dynamisllp.com

*Counsel for Michael Kanovitz and Jon Loevy*