UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADVANCED FLOWER CAPITAL INC.
and AFC AGENT LLC,

    Plaintiffs,

v.

MICHAEL KANOVITZ and JON LOEVY,

    Defendants.

No. 1:25-cv-02996 (PKC)

ORAL ARGUMENT REQUESTED

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF NEW JERSEY</u>**

Michael B. Homer
Constantine P. Economides
DYNAMIS LLP
175 Federal Street, Suite 1200
Boston, MA 02110
(617) 693-9732

*Counsel for Defendants Michael Kanovitz
and Jon Loevy*

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

LEGAL STANDARD............................................................................................................. 4

ARGUMENT .......................................................................................................................... 5

   I.   THIS LAWSUIT COULD HAVE BEEN BROUGHT IN THE DISTRICT OF NEW JERSEY. ........................................................................................................................ 5

   II.   THE FACTORS GOVERNING TRANSFER WEIGH HEAVILY IN FAVOR OF TRANSFER TO THE DISTRICT OF NEW JERSEY. ........................................................ 5

      A.   Locus of the Operative Facts .......................................................................... 6

      B.   Trial Efficiency and the Interests of Justice .................................................... 7

      C.   Convenience of the Witnesses ........................................................................ 9

      D.   Convenience of the Parties............................................................................ 10

      E.   Location of the Evidence .............................................................................. 10

      F.   Availability of Process .................................................................................. 11

      G.   Relative Means of the Parties ....................................................................... 11

      H.   Familiarity with Governing Law .................................................................. 11

      I.   Plaintiffs' Choice of Forum .......................................................................... 12

CONCLUSION..................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
  860 F. Supp. 128 (S.D.N.Y. 1994) ............................................................................... 12

*Ameritas Life Ins. Corp. v. Wells Fargo Bank, N.A.*,
  2023 WL 9038818 (D.N.J. Dec. 30, 2023) .................................................................. 12

*Barry v. United States*,
  2022 WL 4467504 (S.D.N.Y. Sept. 26, 2022) ............................................................... 7

*Bombardier Cap. Inc. v. Solomon*,
  2000 WL 1721138 (S.D.N.Y. Nov. 17, 2000) ............................................................... 7

*Cohn v. Metro. Life Ins., Co.*,
  2007 WL 1573874 (S.D.N.Y. May 31, 2007) ............................................................... 7

*D'Anton Jos, S.L. v. Doll Factory, Inc.*,
  937 F. Supp. 320 (S.D.N.Y. 1996) ............................................................................... 12

*Dickerson v. Novartis Corp.*,
  315 F.R.D. 18 (S.D.N.Y. 2016) ................................................................................. 9, 12

*Dr. Boy GmbH v. Nationwide Ins.*,
  1996 WL 350699 (S.D.N.Y. June 25, 1996) .................................................................. 6

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
  928 F. Supp. 2d 735 (S.D.N.Y. 2013) ........................................................... 5, 6, 9, 11

*GlaxoSmithKline Biologicals, S.A. v. Hospira Worldwide, Inc.*,
  2013 WL 2244315 (S.D.N.Y. May 21, 2013) ............................................................. 10

*Gov't Employees Ins. Co. v. Active Medical Care, P.C.*,
  2024 WL 4790169 (E.D.N.Y. Nov. 14, 2024) ............................................................... 7

*Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*,
  119 F. Supp. 2d 433 (S.D.N.Y. 2000) ...................................................................... 9, 13

*Kreinberg v. Dow Chem. Co.*,
   496 F. Supp. 2d 329 (S.D.N.Y. 2007) .................................................................................. 6

*Lihuan Wang v. Phoenix Satellite Television US, Inc.*,
   2014 WL 116220 (S.D.N.Y. Jan. 13, 2014) ..................................................................... 7, 11

*Logan Generating Company, L.P. v. Dann Marine Towing, LC*,
   669 F. Supp. 3d 321 (D.N.J. 2023) .................................................................................... 11

*Mastr Asset Backed Sec. Tr. 2007-WMC1, ex rel. U.S. Bank Nat. Ass'n v. WMC Mortg. LLC*,
   880 F. Supp. 2d 418 (S.D.N.Y. 2012) ............................................................................. 7, 9

*Meyers v. Allstate Ins. Co.*,
   2009 WL 804672 (S.D.N.Y. Mar. 26, 2009) ...................................................................... 10

*Olympia Grp., Inc. v. Cooper Industries, Inc.*,
   2001 WL 506219 (S.D.N.Y. May 14, 2001) ....................................................................... 10

*Paysafe Holdings UK Ltd. v. Accruit, LLC*,
   2019 WL 1115054 (S.D.N.Y. Mar. 11, 2019) ..................................................................... 12

*Pecorino v. Vutec Corp.*,
   934 F. Supp. 2d 422 (E.D.N.Y. 2012) .................................................................................. 9

*Posven, C.A. v. Liberty Mut. Ins. Co.*,
   303 F. Supp. 2d 391 (S.D.N.Y. 2004) ................................................................................ 11

*Reliance Ins. Co. v. Six Star, Inc.*,
   155 F. Supp. 2d 49 (S.D.N.Y. 2001) .................................................................................... 6

*Research Foundation of State University of New York v. Luminex Corp.*,
   2008 WL 4822276 (N.D.N.Y. Nov. 3, 2008) ...................................................................... 10

*Robertson v. Cartinhour*,
   2011 WL 5175597 (S.D.N.Y. Oct. 28, 2011) ....................................................................... 5

*Rosenberg v. Hotel Connections, Inc.*,
   2022 WL 7534445 (D.N.J. Oct. 13, 2022 ........................................................................... 11

*Savin v. CSX Corp.*,
   657 F. Supp. 1210 (S.D.N.Y. 1987) ..................................................................................... 8

*Simpson v. Rodas*,
   2012 WL 4354832 (S.D.N.Y. Sept. 21, 2012) .............................................................................. 12

*Smart v. Goord*,
   21 F. Supp. 2d 309 (S.D.N.Y. 1998) ......................................................................................... 6

*Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.*,
   2023 WL 3309355 (D.N.J. May 8, 2023) ................................................................................ 12

*Wyndham Assocs. v. Bintliff*,
   398 F.2d 614 (2d Cir. 1968) ..................................................................................................... 7

**Statutes**

28 U.S.C. § 1391(b)(2) ....................................................................................................................... 5

28 U.S.C. § 1404(a) ................................................................................................................... Passim

Defendants Michael Kanovitz and Jon Loevy (collectively, "Defendants") respectfully move the Court pursuant to 28 U.S.C. § 1404(a) to transfer this civil action to the United States District Court for the District of New Jersey, where this action can and should be consolidated with a related action already in active litigation in that District.

## INTRODUCTION

This case has no connection whatsoever to the Southern District of New York. The two Plaintiffs, a Maryland corporation headquartered in Florida and a Delaware limited liability company, have sued two individuals who are citizens of Illinois. (Dkt. No. 24 ("Am. Compl."), ¶ 9.) The dispute centers around a loan to finance the construction of eight cannabis facilities in New Jersey and eastern Pennsylvania. Plaintiffs' Amended Complaint alleges not a single action that took place in the Southern District of New York (or anywhere else in New York). Apart from the fact that a New York law firm drafted the loan agreements, there is no connection to this District or this state.

Instead, the unambiguous "center of gravity" of this litigation is the District of New Jersey. All of the real and personal property at issue is located in New Jersey (and nearby eastern Pennsylvania), and the lawsuit concerns hundreds of disputed transactions conducted in New Jersey by New Jersey businesses, many relating to the construction of New Jersey cannabis facilities.

The District of New Jersey is also where this dispute is already being actively litigated. This case is the second of three related lawsuits, all filed in the past several months, all arising out of the same New Jersey-centered dispute over the same loan. The first and third of these lawsuits were both filed in the United States District Court for the District of New Jersey, on March 7, 2025, and April 17, 2025, respectively. Those suits were deemed related and both assigned to the same United States District Judge, the Honorable Zahid N. Quraishi.

Not only have these same plaintiffs already appeared and filed pleadings in the District of New Jersey, but Judge Quraishi has already read hundreds of pages of briefing on the same issues

1

presented in the instant lawsuit, and conducted an eight-hour evidentiary hearing in which five witnesses testified and dozens of exhibits were entered. As a result of that hearing, Judge Quraishi issued a 39-page Opinion on May 9, 2025, bearing directly on the very issues at the core of the instant lawsuit, including factual findings as to the credibility of key witnesses. *See Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC*, No. 3:25-CV-02789-ZNQ-JBD (D.N.J.), Dkt. No. 46 (attached hereto as Exhibit 1).

If the instant lawsuit, regarding the exact same loan agreements and transactions, were to proceed in a different forum, there would be a real and serious risk of inconsistent findings. As discussed below, this is one of many factors weighing heavily in favor of transfer to the District of New Jersey, where the instant lawsuit can and should be consolidated with the related case presently being litigated before Judge Quraishi.

## BACKGROUND

Plaintiffs Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "AFC" or "Plaintiffs") are affiliates of a lender which issues loans to cannabis companies to build cannabis cultivation facilities and dispensaries. (*See* Am. Compl., ¶¶ 2, 4.) Plaintiffs have sued two attorneys who are the primary investors in a cannabis company known as "Justice Grown," alleging that Plaintiffs' loan to the Defendants' companies is in default, and accusing Defendants of committing fraud in connection with those alleged defaults. (*See id.*, ¶¶ 1, 3, 5.)

The threshold issue of whether the underlying loan is in default is already being litigated in the United States District Court for the District of New Jersey. The day before AFC filed the instant lawsuit, AFC unilaterally declared the underlying loan in default and, among other actions, immediately seized money from the bank accounts of Justice Grown's subsidiaries, Hayden Gateway LLC and Bloc Dispensary LLC. These two Justice Grown subsidiaries disputed the default and promptly sued AFC in the District of New Jersey, seeking to enjoin AFC from raiding the

subsidiaries' bank accounts until the issue of default was litigated. *See Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC*, No. 3:25-CV-02789-ZNQ-JBD (D.N.J.) (Quraishi, J.) (hereafter, "*Hayden Gateway LLC*").

*Hayden Gateway LLC* was assigned to Judge Quraishi because it was related to an earlier pending lawsuit that was already before Judge Quraishi, in which one of the same plaintiffs, Justice Grown subsidiary Bloc Dispensary LLC, had sued an alleged AFC agent, Timothy Bossidy, for conduct at the heart of the instant loan dispute between AFC and Justice Grown. *See Bloc Dispensary LLC v. Timothy Bossidy*, No. 3:25-CV-01725-ZNQ-JBD (D.N.J.) (Quraishi, J.) (hereafter, "*Bossidy*"). This related *Bossidy* lawsuit was filed in the District of New Jersey on March 7, 2025—a full month prior to Plaintiffs filing the instant matter before this Court.[1]

Based on the parties' filings and attached sworn declarations in *Hayden Gateway LLC*, Judge Quraishi granted Justice Grown's subsidiaries' motion for a Temporary Restraining Order and set the

---

[1] In *Bossidy*, Bloc Dispensary LLC alleged that Timothy Bossidy—who AFC had installed as Chief Restructuring Officer (CRO) of Justice Grown, *see id.*, Dkt. No. 1 (Complaint), ¶ 2—breached his fiduciary duty to Justice Grown by "acting in the best interests of AFC [ ] and not of Justice Grown[,]" *id.*, ¶ 58, thereby "impairing Justice Grown's ability to defend itself against [AFC's] offensive maneuvers and prosecute its own claims against AFC[,]" *id.*, ¶ 57. Bloc Dispensary LLC's complaint explained in detail how "Bossidy's leadership and decisions are crippling operations so badly that it is hard to see that he is not doing this on purpose[,]" *id.*, ¶ 25, and likewise, how AFC's "insistence on [installing Bossidy] and coercing Justice Grown to follow Bossidy's disastrous instructions do not make business sense from the standpoint of a good faith lender, but they make perfect sense from the standpoint of a would-be competitor [AFC] who has infiltrated Justice Grown and wants to take Justice Grown's New Jersey assets[,]" *id.*, ¶ 41.

Judge Quraishi agreed. In expansive factual findings in *Hayden Gateway LLC*, which validated Bloc's allegations against AFC in *Bossidy*, Judge Quraishi found, *inter alia*, that: "Bossidy was loyal to [AFC] rather than [Justice Grown,]" *id.*, Dkt. No. 46 at 29; "Bossidy was working as an agent for [AFC], or at the least, in concert with [AFC's CEO,]" *id.*; "Bossidy's mismanagement of [Justice Grown's] operations, in the way that he did, was likely because he wanted to satisfy [AFC's CEO,]" *id.* at 32-33; and ultimately, that "Bossidy's conduct . . . presents a more than colorable claim [against AFC] for breach of the parties' implied covenant of good faith and fair dealing," *id.* at 36-37.

3

matter for a Preliminary Injunction hearing on May 2, 2025. *Hayden Gateway LLC*, Dkt. No. 14. AFC and Justice Grown's subsidiaries submitted approximately 150 pages of collective briefing in advance of the Preliminary Injunction hearing. *Id.* at Dkt. No. 7, 19, 28. The May 2 Preliminary Injunction hearing addressed the same issue at the crux of the lawsuit pending before this Court—whether the loan is actually in default, and whether the Defendants and their companies breached the loan's terms by committing financial and other misconduct.

At the Preliminary Injunction hearing, Judge Quraishi heard sworn testimony from Michael Kanovitz, one of the two Defendants in the instant lawsuit and one of Justice Grown's primary investors; from Daniel Neville, AFC's CEO; from Alexzandra Fields, Justice Grown's CEO; and from two other witnesses. *See generally Hayden Gateway LLC*, Dkt. No. 46 (attached as Exhibit 1). Whereas Judge Quraishi found the testimony of Plaintiffs' CEO, Neville, "only somewhat credible and assign[ed] it little weight," *id.* at 15, Judge Quraishi expressly found the testimony of both Kanovitz and Justice Grown's CEO "credible" and assigned their testimony "substantial weight" based on their "demeanor, manner in which [they] testified, and substance of [their] testimony in conjunction with other corroborative evidence," *id.* at 11 (Fields), 13 (Kanovitz).

Thereafter, Judge Quraishi granted Justice Grown's subsidiaries' Motion for a Preliminary Injunction in full, declaring that the Justice Grown subsidiaries "are not in breach or default" of the very same loan that the instant lawsuit claims the Defendants caused to be in breach and default. *Id.*, Dkt. No. 47 (Preliminary Injunction Order) (attached as Exhibit 2), at 1.

## LEGAL STANDARD

Federal law provides a remedy when a lawsuit is brought in a court in which venue technically lies, but which is less well-suited to resolving the dispute than another viable federal court. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of

4

justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

In deciding a motion to transfer under Section 1404(a), "courts inquire, first 'whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion.'" *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013) (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS) (HBP), 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011)). Here, the inquiry strongly counsels for transferring this case to the District of New Jersey.

## ARGUMENT

### I. THIS LAWSUIT COULD HAVE BEEN BROUGHT IN THE DISTRICT OF NEW JERSEY.

It appears to be undisputed that this action could have been brought in the District of New Jersey. AFC notably did not argue otherwise in their response to Defendants' pre-motion letter seeking transfer. (*See* Dkt. No. 14 (failing to contest Defendants' contention that this lawsuit could have been brought in the District of New Jersey)). Regardless, and for the avoidance of doubt, this action could have been brought in the District of New Jersey, because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in that district, 28 U.S.C. § 1391(b)(2), as detailed at length in the following sections. *See, e.g., infra* Section II(A) (describing how the District of New Jersey is the locus of operative facts).

### II. THE FACTORS GOVERNING TRANSFER WEIGH HEAVILY IN FAVOR OF TRANSFER TO THE DISTRICT OF NEW JERSEY.

When an action could have been brought in the transferee district, courts employ a nine-factor test to determine whether a transfer of venue is appropriate:

> Assessing whether transfer is a valid exercise of discretion requires the Court to balance various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access

5

to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Everlast*, 928 F. Supp. 2d at 743; *accord Kreinberg v. Dow Chem. Co.*, 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56–57 (S.D.N.Y. 2001).

In this case, nearly every factor favors transfer to the District of New Jersey. The few that do not are at best a wash, and no factor clearly favors continuing this case in the Southern District of New York (other than that Plaintiffs selected this forum, which, by definition, is true in every case).

### A. Locus of the Operative Facts

This factor, which "is a primary factor in determining a § 1404(a) motion to transfer," strongly favors transfer to the District of New Jersey, as New Jersey is indisputably the nucleus of operative facts. *Everlast*, 928 F. Supp. 2d at 745 (quoting *Smart v. Goord*, 21 F. Supp. 2d 309, 316 (S.D.N.Y. 1998)). By the same token, this factor "substantially favors transfer from this district" because Plaintiffs cannot show "that *any* of the operative facts arose in the Southern District of New York." *Id.* (emphasis added) (quoting *Dr. Boy GmbH v. Nationwide Ins.*, No. 96 Civ. 3217 (AGS), 1996 WL 350699, at *2 (S.D.N.Y. June 25, 1996)).

In the present case:

- The lawsuit concerns a complex collection of loan agreements between Plaintiffs and eight entities owned in part by Defendants. All of those borrowers are New Jersey or Pennsylvania entities. None is a New York entity.

- The purpose of the loan was to build and operate eight cannabis businesses in New Jersey and eastern Pennsylvania. None of those businesses are in New York, or have any connection to New York.

- Many of the parties' disputes about the loan agreement relate to performance of the facilities in New Jersey. None relate to performance in New York.

6

- Most of the "nearly 100" draw requests referred to by Plaintiffs as fraudulent (Am. Compl. ¶ 107) relate to requests for construction of facilities in New Jersey. None of the transactions at issue concern New York in any way.

- Of the 207 employees of Defendants' businesses, 151 are employed in New Jersey. None are employed in New York.

- Not a single operative fact alleged in the Amended Complaint occurred in New York.

In sum, "the 'center of gravity' of this litigation is in New Jersey." *Gov't Emps. Ins. Co. v. Active Med. Care, P.C.*, No. 24-CV-995 (DLI) (VMS), 2024 WL 4790169, at *7 (E.D.N.Y. Nov. 14, 2024) (citation omitted); *see also Bombardier Cap. Inc. v. Solomon*, No. 00 CIV. 0848 (RMB), 2000 WL 1721138, at *2 (S.D.N.Y. Nov. 17, 2000) ("The core determination under Section 1404(a) is the center of gravity of the litigation."). Conversely, there is no connection whatsoever between the Southern District of New York and the operative facts. *See Cohn v. Metro. Life Ins., Co.*, No. 07 Civ. 0928 (HB), 2007 WL 1573874, at *3 (S.D.N.Y. May 31, 2007) ("Where there is no material connection between this district and the operative facts, the interests of justice *require* the transfer of the action.") (emphasis added) (cleaned up). "Because 'transfer to a district where the key operative events occurred serves the interests of justice,' this factor weighs heavily in favor of transfer." *Barry v. United States*, No. 21-CV-7684 (BCM), 2022 WL 4467504, at *5 (S.D.N.Y. Sept. 26, 2022) (quoting *Everlast*, 928 F. Supp. 2d at 745) (internal quotation marks and citations omitted).

### B. Trial Efficiency and the Interests of Justice

This crucial factor strongly favors transfer to the District New Jersey, given the litigation underway before Judge Quraishi. As this Court has previously noted, "[w]hen multiple claims are brought in different forums, there is a strong policy in this Circuit favoring the litigation of related claims in the same tribunal in order to avoid duplicitous litigation and inconsistent results." *Lihuan Wang v. Phoenix Satellite Television US, Inc.*, No. 13 CIV. 218 (PKC), 2014 WL 116220, at *3 (S.D.N.Y. Jan. 13, 2014) (Castel, J.) (citing *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d

Cir. 1968)); *accord Mastr Asset Backed Sec. Tr. 2007-WMC1, ex rel. U.S. Bank Nat. Ass'n v. WMC Mortg. LLC*, 880 F. Supp. 2d 418, 424 (S.D.N.Y. 2012) ("Many courts have recognized that transfer is appropriate when two cases involving the same issues are simultaneously pending in different district courts.") (internal quotation marks and citation omitted) (collecting cases). "Accordingly, cases often have cited the pendency of related actions in another court as strongly supporting the transfer of an action to that court." *Savin v. CSX Corp.*, 657 F. Supp. 1210, 1214 (S.D.N.Y. 1987) (Walker, J.) (collecting cases).

As set forth above, Judge Quraishi is currently presiding over a related lawsuit, *Hayden Gateway LLC*, involving the exact same facts, many of the same parties, and the exact same complex loan agreements at the center of the instant lawsuit. Specifically, the plaintiffs in *Hayden Gateway LLC* (Hayden Gateway LLC and Bloc Dispensary LLC) are two of the Justice Grown borrowers in the loan at issue here (*see, e.g.,* Am. Compl. ¶¶ 21, 25), and the defendants in *Hayden Gateway LLC* (Advanced Flower Capital Inc. and AFC Agent LLC) are identical to the Plaintiffs here. The Justice Grown plaintiffs in *Hayden Gateway LLC* have already sought and obtained a preliminary injunction against AFC (*i.e.*, the defendants in that matter and the Plaintiffs here), based on Judge Quraishi's finding that the Justice Grown borrowers are not in default of the loan— an issue which is the entire premise of the lawsuit before this Court. *See Hayden Gateway LLC*, at Dkt. No. 47 (Preliminary Injunction Order) (attached as Exhibit 2). And Judge Quraishi has already made credibility findings regarding the testimony of five witnesses who are key witnesses in this matter, including Defendant Michael Kanovitz, Justice Grown's CEO, and AFC's CEO. *See Hayden Gateway LLC*, Dkt. No. 46 (attached as Exhibit 1), at 11-16.

Under these circumstances, transferring the instant action to the District of New Jersey would undoubtedly allow for "pretrial discovery [to] be conducted more efficiently, duplicitous

8

litigation [to] be avoided, thereby saving time and expense for both parties and witnesses," and for "inconsistent results [to] be avoided." *Savin*, 657 F. Supp. at 1214 (citation omitted). This is especially true given the instant "case remains in the early stages of litigation," and thus "there has not yet been a significant investment by the Southern District of New York in this case in terms of either time or work." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 33 (S.D.N.Y. 2016) (quoting *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 439 (S.D.N.Y. 2000)); *see also Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 444 (E.D.N.Y. 2012) (noting that "the Court would not be hesitant to transfer the case to Florida at this early stage of the litigation," where complaint was filed almost one year ago but only "minimal discovery" had taken place).

In sum, the benefits of transferring this action to the District of New Jersey, where it can be consolidated with *Hayden Gateway LLC*, are substantial, and strongly support Defendants' motion to transfer. *See Mastr Asset Backed Sec. Tr. 2007-WMC1*, 880 F. Supp. 2d at 424 ("The benefits for consolidated related cases in a common forum are often substantial. Such consolidation may advance the strong policy interests of achieving efficient pretrial discovery, avoiding duplicative litigation, and avoiding inconsistent results.") (citation omitted) (cleaned up).

### C. Convenience of the Witnesses

The convenience of the witnesses favors transfer to the District of New Jersey. Plaintiffs' central claim in this litigation is that Defendants allegedly misappropriated funds intended for the construction of a cannabis cultivation facility in Ewing, New Jersey. (*See generally* Am. Compl. ¶¶ 4, 34, 47-49.). Most of the "nearly 100" draw requests referred to by Plaintiffs as fraudulent (Am. Compl. ¶ 107.) involve requests relating to construction of this New Jersey cultivation facility. Proving or disproving the validity of those draw requests necessarily will require the testimony of several of the facility's employees, as well as contractors and vendors, local

9

municipal officials, and bank custodians—all of whom are located in New Jersey. By contrast, *none* of the relevant witnesses reside in New York. *See, e.g.*, *Everlast*, 928 F. Supp. 2d at 743–44 ("[T]he pertinent witnesses are overwhelmingly based in or near Kansas, and not New York.").

### D. Convenience of the Parties

The convenience of the parties themselves somewhat favors transfer to the District of New Jersey. None of the parties reside in either New York or New Jersey, with the apparent exception of AFC's CEO, Dan Neville, who AFC claims resides in Manhattan. (Dkt. No. 14 at 5.) However, New Jersey is a more convenient forum than New York for Defendants, who own a business in Ewing, New Jersey, located just a few minutes away from the federal courthouse in Trenton where Judge Quraishi presides. There is no indication that either forum is more convenient for Plaintiffs.

Notably, the only interest served by venue in the Southern District of New York is the convenience of Plaintiffs' counsel. However, "the convenience of the parties' lawyers is not relevant to the decision whether to transfer." *GlaxoSmithKline Biologicals, S.A. v. Hospira Worldwide, Inc.*, No. 13 Civ. 1395 (PKC), 2013 WL 2244315, at *3 (S.D.N.Y. May 21, 2013) (quoting *Olympia Grp., Inc. v. Cooper Industries, Inc.*, No. 00 Civ. 7367 (MBM), 2001 WL 506219, at *2 (S.D.N.Y. May 14, 2001)). Indeed, "the convenience of counsel is not mentioned in § 1404(a), and has generally been given little weight in this factor-balancing analysis." *Research Found. of State University of New York v. Luminex Corp.*, No. 1:07-CV-1260 (GLS/RFT), 2008 WL 4822276, at *5 (N.D.N.Y. Nov. 3, 2008). Accordingly, the Court should afford no consideration to the convenience of counsel. *Meyers v. Allstate Ins. Co.*, No. 08 Civ. 4769 (DF), 2009 WL 804672, at *3 n.4 (S.D.N.Y. Mar. 26, 2009).

### E. Location of the Evidence

This factor favors transfer to New Jersey. While documentary evidence is equally available in any district, the buildings constructed and businesses established under the loan agreements are

located in New Jersey. The bank accounts at issue are located in New Jersey and Pennsylvania. None of the businesses, construction projects, or bank accounts are located in New York.

### F. Availability of Process

This factor does not favor either venue, as Defendants are unaware of any witnesses in this action who can only be compelled to testify in New York or New Jersey.

### G. Relative Means of the Parties

This factor favors transfer to the District of New Jersey. Especially given the clear center of gravity in New Jersey, this factor is less important than the others. Nevertheless, Plaintiffs are a publicly-traded company whose market capitalization exceeds $100 million. Conversely, some of the relevant employees of the businesses owned by the Defendants (who are also likely witnesses, and will need to travel to testify) are hourly workers earning less than $50,000 annually.

### H. Familiarity with Governing Law

This factor does not favor either venue, or at most, weighs against transfer "only slightly" given that Plaintiffs' claims sound in New York law. *Wang*, 2014 WL 116220, at *5 (noting "[t]he District Court for the District of Columbia is capable of applying New York law," and thus "the fact that [plaintiff's] claims are governed by New York law weighs against transfer, although only slightly"). As many courts in this District have noted, "this factor merits little weight," and "is 'one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved.'" *Everlast,* 928 F. Supp. 2d at 747 (quoting *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004)).

New Jersey federal courts routinely apply New York law in similar cases. *See, e.g.*, *Logan Generating Company, L.P. v. Dann Marine Towing, LC*, 669 F. Supp. 3d 321, 327, 337–41 (D.N.J. 2023) (applying New York law in contract dispute). And Judge Quraishi in particular has ample

11

experience applying New York law. *See, e.g., Rosenberg v. Hotel Connections, Inc.*, No. 21-4876 (ZNQ) (TJB), 2022 WL 7534445 (D.N.J. Oct. 13, 2022) (Quraishi, J.) (applying New York law in contract dispute); *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.*, No. No. 21-9959 (ZNQ) (JBD), 2023 WL 3309355 (D.N.J. May 8, 2023) (Quraishi, J.) (applying New York law); *Ameritas Life Ins. Corp. v. Wells Fargo Bank, N.A.*, No. 23-1944 (ZNQ) (JBD), 2023 WL 9038818 (D.N.J. Dec. 30, 2023) (Quraishi, J.) (interpreting New York law).

### I. Plaintiffs' Choice of Forum

This is the only factor that clearly counsels against transfer. Courts generally give considerable weight to the Plaintiffs' choice of forum in a Section 1404(a) analysis. But crucially, "the weight normally accorded to the plaintiff's choice of forum is *diminished substantially* where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose[,]" as is the case here. *Paysafe Holdings UK Ltd. v. Accruit, LLC*, No. 18 CIV. 75 (ER), 2019 WL 1115054, at *4 (S.D.N.Y. Mar. 11, 2019) (emphasis added) (quoting *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994)) (cleaned up); *accord Novartis Corp.*, 315 F.R.D. at 32 (collecting cases).

Furthermore, the general presumption in favor of Plaintiffs' choice of forum "does not apply in cases such as this one where there is little material connection between the chosen forum and the facts and issues of the case." *D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F. Supp. 320, 323 (S.D.N.Y. 1996); *see also Paysafe Holdings UK Ltd.*, 2019 WL 1115054, at *5 ("Moreover, the weight normally afforded to Plaintiffs' choice of forum is further diminished because . . . the operative facts bear little connection to this District."); *Simpson v. Rodas*, No. 10–cv–6670 (CS), 2012 WL 4354832, at *10 (S.D.N.Y. Sept. 21, 2012) (importance of plaintiff's choice "measurably diminishes" where operative facts "have few meaningful connections" to plaintiff's chosen forum) (citation omitted).

Indeed, courts in this district have little hesitation granting motions to transfer where, as here, "[t]he sole connection between this action and the Southern District of New York is . . . the location of plaintiff's counsel," because when "[t]here is such a tenuous connection between the plaintiff's claims and the Southern District of New York," plaintiff's "choice of forum does not militate against transfer." *Invivo Research*, 119 F. Supp. 2d at 438–39 (cleaned up).

## CONCLUSION

It would be difficult to envision a case more appropriately suited for transfer under Section 1404(a). All of the factors the Court must consider either favor transfer to the District of New Jersey, heavily favor transfer to the District of New Jersey, or do not favor either outcome. Not one of the factors counsels in favor of keeping this action in the Southern District of New York (other than the fact that Plaintiffs picked this forum, after related litigation had already been filed in the District of New Jersey). Therefore, and for the forgoing reasons, Defendants respectfully request that the Court transfer this action to the United States District Court of the District of New Jersey, where this action can be consolidated as a related matter with *Hayden Gateway LLC and Bloc Dispensary LLC v. Advanced Flower Capital Inc. and AFC Agent LLC*, No. 3:25-CV-02789-ZNQ-JBD (D.N.J.).

Dated:  July 25, 2025                                     Respectfully submitted,

By: /s/ Michael B. Homer
Michael B. Homer
Constantine P. Economides
DYNAMIS LLP
175 Federal Street, Suite 1200
Boston, MA 02110
(617) 693-9732
mhomer@dynamisllp.com

*Counsel for Defendants Michael Kanovitz and Jon Loevy*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on July 25, 2025, via the Court's ECF system.

*/s/ Michael B. Homer*
Michael B. Homer