| | |
|---|---|
| ADVANCED FLOWER CAPITAL INC. and AFC AGENT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL KANOVITZ and JON LOEVY, <br><br> Defendants. | No. 1:25-cv-02996 (PKC) |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT BY DEFENDANT JON LOEVY

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Jon Loevy ("Loevy" or "Defendant"), by and through undersigned counsel, respectfully submits this Answer and Affirmative Defenses to the Amended Complaint ("AC") filed by Plaintiffs Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "AFC" or "Plaintiffs") on June 20, 2025 (Dkt. 24), and states as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted below, Defendant denies each and every allegation of the AC. Specifically, Defendant: (i) incorporates into each response a denial of any allegations in the AC asserting or suggesting that Defendant committed any wrongdoing, including breaching any contract or provision thereof or any provision of any law; (ii) to the extent that any response is required, denies any allegations or averments in the headings,

subheadings, and footnotes of the AC; and (iii) intends to respond only as to allegations directed at Defendant specifically. Defendant has included the subheadings in the Amended Complaint for organizational purposes only; to the extent that those headings and subheadings include allegations, those allegations are denied. Defendant's denials may not be deemed to be responding to allegations directed solely at Defendant Michael Kanovitz, who has been dismissed from this case.

To the extent that a response is required to the allegations in Counts I, II, IV, and V of the AC (Paragraphs 112 through 129, and Paragraphs 143 through 156), which have been dismissed by the Court, Defendant denies all such allegations.

Defendant, by and through undersigned counsel, responds to the specific allegations in the AC as follows:

## SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE AMENDED COMPLAINT

### NATURE OF THE CLAIMS

1. Defendant admits that Loevy and Kanovitz are two Chicago attorneys. The remainder of the first sentence in Paragraph 1, and the second sentence in Paragraph 2, contain legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies the allegations in the third sentence of Paragraph 1.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 2. Defendant admits the allegation that cannabis is a nascent industry in which operators do not have access to traditional sources of funding, such as federally-insured banks, and so need to turn to alternative sources of funding such as AFC.

3. Defendant admits that Justice Grown was started in or about 2014 and that the parent company of its subsidiaries is called JG HoldCo LLC. Defendant denies that he is a majority owner of JG HoldCo.

4. Defendant denies that AFC actually lent JG HoldCo subsidiaries the amount of $75.4 million. The remainder of Paragraph 4 states legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in Paragraph 4. To the extent that the allegations purport to characterize the Shareholder Guaranty, Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with that documents are denied.

5. Denied.

6. Denied.

7. Defendant denies the allegations in Paragraph 7, except admits that the New Jersey project is presently fully operational.

8. The first two sentences of Paragraph 8 state legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant admits that this is an action brought by AFC against Defendant, but denies the allegations to the extent that they state or imply that Plaintiffs' causes of actions have merit. With regards to the allegations in Footnote 1, Defendant admits that certain borrowers filed an action in the U.S. District Court for the District of New Jersey seeking declaratory and injunctive relief against AFC, and admits that an injunction was entered on May 9, 2025, and that the matter is currently on appeal to the Third Circuit. The remaining sentences in Footnote 1 are legal characterizations and conclusions to which no response is required. To the extent a

response is required, Defendant states that the referenced lawsuit speaks for itself, and any characterizations or allegations inconsistent with that legal proceeding are denied.

**JURISDICTION AND VENUE**

9. Defendant admits that Loevy is a citizen of the State of Illinois. Defendant is without knowledge or information sufficient to form a belief about Plaintiffs' organization and corporate structure. Defendant further states that subject matter jurisdiction is a legal conclusion that does not require a response, and to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

10. The first sentence of Paragraph 10 contains legal conclusions and characterizations that require no response. To the extent a response is required, Defendant denies consenting to this Court's jurisdiction and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations. The remainder of Paragraph 10 discusses the contents of the Shareholder Guaranty and Credit Agreement. Defendant responds that the referenced documents speak for themselves, and any characterizations or allegations inconsistent with those documents are denied.

11. Paragraph 11 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations.

12. Defendant denies consenting to this Court's jurisdiction and denies knowingly agreeing to the jurisdiction clause in the Shareholder Guaranty. Defendant admits that Loevy is a lawyer who engages in multi-jurisdictional litigation and has filed cases in the Southern District of New York. The remainder of Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Defendant denies agreeing to venue. The remainder of Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## PARTIES

14. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15.

16. Admitted.

17. Admitted.

## FACTUAL ALLEGATIONS

**I. LOEVY AND KANOVITZ CONTROL JG HOLDCO AND THE JG BORROWERS.**

18. Paragraph 18 states legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations, except admits that some of the cannabis companies in question have borrowed from AFC, and others have not borrowed from AFC.

19. Defendant admits that JG HoldCo is the parent company, and admits JG HoldCo's percentage ownership in the entities identified. Defendant denies the percentage of ownership listed.

20. Defendant denies the first sentence and admits the second sentence. The third and fourth sentences of Paragraph 20 reference the Amended & Restated Operating Agreement of Hayden Manager. Defendant states that the referenced document speaks for itself, and any

characterizations or allegations inconsistent with that document are denied. Defendant denies the allegations in the fifth sentence of Paragraph 20.

21. Paragraph 21 references the Credit Agreement. Defendant states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with that document are denied. Defendant admits that the three identified borrowers are JG HoldCo subsidiaries managed by Hayden Manager.

22. Admitted.

23. Admitted.

24. Admitted.

25. Paragraph 25 is a definition or characterization internal to the AC to which no response is required. To the extent that a response is required, Defendant denies the allegations to the extent that they state or imply any wrongdoing by Defendant.

26. Admitted.

27. Admitted.

28. Admitted

29. Admitted.

30. Denied.

31. Denied.

32. Paragraph 32 is a definition or characterization internal to the AC to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they state or imply any wrongdoing by Defendant.

33. Defendant admits that he holds interests in other cannabis entities, but denies the balance of the allegations in Paragraph 33.

## II. THE CREDIT AGREEMENT AND SHAREHOLDER GUARANTY

34. As to the first sentence, Defendant admits that AFC provided financing to cannabis operations in Pennsylvania and New Jersey, but denies that those operations belong to Defendant Loevy. The remainder of Paragraph 34 concerns the April 5, 2021 Credit Agreement. The referenced document speaks for itself, and any characterizations or allegations inconsistent with that documents are denied. Defendant admits that the JG Borrowers except for SRG Waretown LLC and JG HoldCo entered into the April 2021 Credit Agreement on April 5, 2021, under which AFC committed to lending up to $46,150,000 to finance the building of a cannabis cultivation and manufacturing facility, as well as three retail cannabis dispensaries, under Bloc's integrated license. Defendant denies that the NJ Project was scheduled for completion by July 2022, and admits the remaining allegations. Defendant states that, to the extent that Footnote 2 concerns the contents of the Second Amended and Restated Credit Agreement, the referenced document speaks for itself, and any characterizations or allegations inconsistent with that document are denied.

35. Defendant admits that Loevy and Kanovitz executed the Shareholder Guaranty on April 5, 2021, but is without knowledge or information sufficient to form a belief about truth of the allegations regarding the purpose of the Shareholder Guaranty. The referenced document speaks for itself, and any characterizations or allegations inconsistent with that documents are denied. Defendant further states that Defendant's personal liability under the Shareholder Guaranty is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

36.     Defendant admits that the Second Amended and Restated Credit Agreement was executed on September 30, 2021.  The referenced document speaks for itself, and any characterizations or allegations inconsistent with that documents are denied.

*(i)     Key Loan Terms and Restrictions*

37.     Paragraph 37 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

38.     Paragraph 38 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

39.     Paragraph 39 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

40.     Paragraph 40 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

41.     Paragraph 41 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form

a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

*(ii)    Shareholder Guaranty Terms*

43. Defendant admits that he executed the Shareholder Guaranty but denies knowledge or information sufficient to form a belief about the reason it was executed.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

III.    **THE AMENDMENTS TO THE CREDIT AGREEMENT AND FORBEARANCE AGREEMENTS NECESSITATED BY THE JG BORROWERS' DEFAULTS**

47. Defendant denies the allegations in Paragraph 47, except admits that the JG Borrowers struggled to comply with their obligations under the Credit Agreement after signing.

**A. Amendment No. 1 (June 30, 2022)**

48. Denied.

49. Denied.

50. Defendant denies the allegations in Paragraph 50, and denies knowledge or information sufficient to form a belief as to the truth of what AFC believed at the time it entered into the referenced document. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

51. The first two sentences concern the contents of Amendment No. 1. The referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied. Regarding the third sentence, Defendant is without knowledge or information sufficient to form a belief about AFC's motivations for the additional changes to Amendment No. 1. Defendant denies the remaining allegations in this paragraph.

52. The first and second sentences of Paragraph 52 concern the contents of Amendment No. 1. Defendant states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied. Defendant denies the allegation in the third sentence of Paragraph 52.

**B. Amendment No. 2 (August 26, 2022)**

53. Admit that the JG Borrowers failed to meet the milestones and some covenants.

54. Paragraph 54 references Amendment No. 2 to the Credit Agreement. Defendant states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

55. Paragraph 55 references Amendment No. 2 to the Credit Agreement. Defendant states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

56. The first two sentences of Paragraph 56 reference Amendment No. 2 to the Credit Agreement. Defendant states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied. Defendant denies the allegation in the third sentence of Paragraph 56.

### C. Amendment No. 3 (December 31, 2022)

57. Paragraph 57 references Amendment No. 3 to the Credit Agreement and contains various characterizations to which no response is required. Defendant states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied. Defendant denies the allegations in the fifth sentence of Paragraph 57.

58. The first two sentences of Paragraph 58 reference Amendment No. 3. Defendant states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied. Defendant denies the allegation in the third sentence of Paragraph 58.

### D. Amendment No. 4 (April 26, 2023)

59. Paragraph 59 references Amendment No. 4 to the Credit Agreement and contains various characterizations to which no response is required. Defendant states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

60. The first two sentences of Paragraph 60 reference Amendment No. 4. Defendant states that the referenced document speaks for itself, and any characterizations or allegations

inconsistent with the same are denied. Defendant denies the allegation in the third sentence of Paragraph 60.

**E. September 2023 Forbearance**

61. Defendant denies the allegations in Paragraph 61, except admits that the 2023 Forbearance was executed on September 12, 2023, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding AFC's intentions. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied. Defendant denies the remaining allegations in Paragraph 61.

62. Denied.

63. Denied.

64. The first two sentences of Paragraph 64, as well as Footnote 4, reference the September 2023 Forbearance Agreement. The referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied. Defendant denies the allegation in the third sentence of Paragraph 64.

**F. March 2024 Forbearance**

65. Defendant admits that the 2024 Forbearance Agreement was executed on March 6, 2024. The first sentence of Paragraph 65 contains a characterization that requires no response. To the extent that a response is required, Defendant denies the allegations in the first sentence of Paragraph 65. Defendant denies knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 65, as it pertains to AFC's beliefs and intentions with regards to the March 2024 Forbearance. To the extent that the second sentence of Paragraph 65 references the contents of the March 2024 Forbearance Agreement, the

referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

66. The first two sentences of Paragraph 66, and the first sentence of Footnote 5, reference the 2024 Forbearance Agreement. The referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied. Defendant denies the allegations in the third sentence of Paragraph 66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Footnote 5.

67. Paragraph 67 references the 2024 Forbearance Agreement. The referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 68, as it alleges AFC's knowledge and state of mind. The second sentence contains characterizations from AFC's perspective that require no response. To the extent that a response is required, Defendant denies the allegations in the second sentence of Paragraph 78. The third, fourth, and fifth sentences of Paragraph 68 purport to describe AFC's actions and intentions in negotiating certain portions of the 2024 Forbearance Agreement, and contain characterizations of AFC's actions that require no response. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in these sentences.

## IV. DEFENDANTS' PATTERN OF DECEIT

69. Defendant denies the allegations in Paragraph 70, except admits that AFC waived the prior breaches. Defendant is without knowledge or information sufficient to form a belief about AFC's motivations for waiving the breaches.

70. Defendant denies the allegations in Paragraph 70. To the extent that the allegations reference the contents of Amendment No. 3 and Amendment No. 4, the referenced documents speak for themselves, and any characterizations or allegations inconsistent with the same are denied. The first, third, and fifth sentences discuss hypotheticals that require no response. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences, and denies the fifth.

71. Paragraph 71 presents a hypothetical that requires no response. To the extent that a response is required, Defendant denies.

**A. Defendants Admitted a Narrow Set of Breaches.**

72. Defendant denies the allegations to the extent that the allegations imply any wrongdoing on Defendant's behalf, or state or imply that Plaintiffs' causes of actions have merit. Defendant further states that the referenced documents speak for themselves, and any characterizations or allegations inconsistent with the same are denied.

73. Paragraph 73 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**B. Defendants Repeatedly Hid Events of Default from AFC In Breach of The Credit Agreement's Representations and Warranties.**

**1. Defendants Failed to Disclose Improper Restricted Payments.**

74. Denied.

75. Denied.

76. Paragraph 76 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

77.     Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

78.     Defendant denies the allegations in Paragraph 78. The third and fourth sentences of Paragraph 78 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

79.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. Defendant denies the allegations in the second sentence: JG Borrowers transferred money that belonged to the JG Borrowers, and was unrelated to AFC or AFC's collateral.

80.     Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. To the extent that Paragraph 80 references the contents of the Credit Agreement, the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

81.     Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. To the extent that Paragraph 81 references the contents of the Credit Agreement, the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

82.     Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

83.     The first sentence of Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. To the extent that Paragraph 83 references the 2023 and 2024 Forbearances, the referenced document speaks

for itself, and any characterizations or allegations inconsistent with the same are denied. Defendant denies the allegations in the second sentence of Paragraph 83.

### 2. Defendants Failed to Disclosure [*sic*] Their Failure to Pay Vendors and Taxes.

84. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, but denies that there has been any Event of Default.

85. Denied.

86. Denied.

87. Denied.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. To the extent that Paragraph 88 references the Shareholder Guaranty, the referenced document speaks for itself, and any characterizations or allegations inconsistent with the same are denied.

89. Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. To the extent that Paragraph 89 references the Credit Agreement, the various Amendments to the Credit Agreement, and the 2023 and 2024 Forbearances, the referenced documents speak for themselves, and any characterizations or allegations inconsistent with the same are denied.

### 3. Defendants Fabricated Disbursement Requests.

90. Defendant denies the allegations in the first sentence of Paragraph 90. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 90.

91. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91. Absent any personal knowledge, Defendant states that he

was told long after the fact that a mistake was made, that it was rectified, and that it was expressly part of a later forbearance agreement.

### 4. Defendants Delivered an Incomplete and Misleading Perfection Certificate to Hide Potential Collateral.

92. The referenced document speaks for itself, and any characterizations or allegations inconsistent with that document are denied.

93. Defendant denies Paragraph 93, particularly with regards to AFC's purpose in requiring the Perfection Certificate.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 94 regarding AFC's intent in drafting the 2024 Forbearance Agreement. Defendant further states that the referenced document speaks for itself, and any characterizations or allegations inconsistent with that document are denied.

95. The referenced document speaks for itself, and any characterizations or allegations inconsistent with that document are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

### 5. Defendants Signed and Delivered False and Misleading Financial Covenant Certifications and Financial Statements.

101. Paragraph 101 discusses the contents of the Credit Agreement. The referenced document speaks for itself, and any characterizations or allegations inconsistent with that document are denied.

102. Denied.

103. Denied .

104. Denied.

105. Denied.

106. Denied.

**6. Defendants Falsified Certified Draw Requests.**

107. The first sentence of Paragraph 107 references the contents of the Credit Agreement and Forbearance Agreements. The referenced documents speak for themselves, and any characterizations or allegations inconsistent with those documents are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 107.

108. Denied.

109. Denied.

110. Defendant admits that AFC honored at least some draw requests but denies that it did so in reliance on any misstatement or misrepresentation made by him.

111. Denied.[1]

## COUNT III: FRAUD

---

[1] The allegations in Paragraphs 112 through 129 and143 through156, which comprise Counts I, II, IV, and V, were dismissed by the Court on April 1, 2026 (Dkt. 40). To the extent that any response is required to those allegations, Defendant denies the allegations in Paragraphs 112 through 129 and Paragraphs 143 through 156.

130. Defendant incorporates each response in this Answer as though fully set forth here.

131. Defendant admits that Jon Loevy's signature is on the Perfection Certificate. The Perfection Certificate speaks for itself, and any characterizations or allegations inconsistent with that document are denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

**RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

Defendant denies any wrongdoing and, except as expressly admitted in Paragraphs 1-142 above, denies all allegations, and specifically denies that Plaintiffs are entitled to any of the relief prayed for against Defendant on pages 38 and 39 of the AC. Defendant denies that Plaintiffs are entitled to any relief.

<u>**DEFENDANT'S AFFIRMATIVE DEFENSES**</u>

Defendant asserts the following separate affirmative defenses to the AC. Defendant reserves the right to supplement or amend these defenses on the basis of additional factual investigation, and does not knowingly or intentionally waive any applicable affirmative defense not set forth below. Defendant does not assume the burden of proof on any issue, however characterized, on which Defendant does not bear that burden.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' equitable relief claims are barred in whole or in part by the doctrine of unclean hands. Without limiting the extent or scope of this affirmative defense, and subject to further factual investigation as may be necessary, Defendant states that Plaintiffs do not come to the table with clean hands.

*First*, Plaintiffs did not negotiate the 2024 Forbearance Agreement in good faith, because Plaintiffs actively conspired to prevent Defendant and the JG Borrowers from receiving the benefit of their bargain under that Agreement. During the negotiation and enactment of the 2024 Forbearance, Plaintiffs insisted on a provision that allowed them to install their undisclosed agent, Timothy Bossidy, and his consulting company, SierraConstellation Partners, into the corporate suite of the JG Borrowers' New Jersey organization. Plaintiffs then secretly conspired with Bossidy to destroy the JG Borrowers' businesses, to manufacture "defaults," and to prevent the JG Borrowers from repaying their loan to AFC, and ensure that AFC would be able to foreclose its collateral.

*Second*, even after Bossidy's termination, AFC has continued to act immorally and in bad faith by, among other actions, refusing to approve necessary funds and vendor payments, improperly withholding management fees to which the JG Borrowers are entitled under the

relevant contracts, and refusing to approve a replacement Chief Restructuring Officer in the wake of Bossidy's firing.

*Third*, AFC repeatedly attempted to extort Defendant for cash, including through the filing of this lawsuit. In the leadup to this lawsuit, AFC repeatedly demanded cash from Defendant, and threatened to ruin Defendant's reputation through false and defamatory claims if Defendant did not personally pay cash to AFC. When Defendant refused to give in to AFC's demands, AFC filed this lawsuit in bad faith.

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' equitable claims and requests for equitable relief against Defendant are barred in whole or in part due to Plaintiffs' unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from the relief that they seek under the doctrine of waiver. Without limiting the extent or scope of this affirmative defense, and subject to further factual investigation as may be necessary, Defendant states that Plaintiffs have intentionally relinquished, expressly and/or impliedly, a known right with knowledge of the facts.

Specifically, although Plaintiffs had the right, under the contracts, to pursue their remedies for the alleged defaults, they clearly, unequivocally, intentionally, and voluntarily waived enforcement of that right, both orally and in writing, with regards to the specified defaults on multiple occasions, including through the various Amendments and Forbearances.

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' claims are barred under the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from the relief they seek under the doctrines of accord and satisfaction. Specifically, Plaintiffs are barred from relief because the parties reached a prior agreement to settle the dispute on different terms, and those terms were performed. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' claims are barred under accord and satisfaction.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from the relief that they seek, in whole or in part, under the doctrines of estoppel, ratification, release, and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant lacked the requisite scienter.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead fraud with particularity as required by Fed. R. Civ. P. 8(a) and 9(b).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of res judicata and/or collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentations, misleading statements, or omissions made by Defendant were not material.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the failure of one or more conditions precedent and because the subject loans have not yet matured.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, to the extent any liability applies to Defendant, he is entitled to a right of contribution from other persons whose acts or omissions contributed to the occurrence of the alleged injury, damage, and/or loss, if any.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from the relief they seek, in whole or in part, because Plaintiffs failed to mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from the relief they seek, in whole or in part, under the doctrine of offset. Plaintiffs did not properly credit the payments that Defendant and/or the Borrowers made to Plaintiffs, and thus, any relief must be offset. Plaintiffs also inflicted damages which must be offset against any recovery in this case.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from the relief they seek, in whole or in part, because Plaintiffs were contributorily negligent.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from the relief they seek, in whole or in part, because Plaintiffs fraudulently induced the Borrowers, including Defendant, into entering the relevant contracts.

Specifically, Plaintiffs made a material misrepresentation or omission of fact, made with knowledge of its untruth and intent to deceive and defraud the Borrowers, including Defendant. The Borrowers, including Defendant, relied on those false representations and were damaged by that reliance.

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' claims are barred by Plaintiffs' fraud.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional affirmative defenses to the extent they become known through discovery or otherwise following the date of this Answer. Defendant further reserves the right to withdraw defenses that he determines are not applicable during the course of discovery and other proceedings in this action.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed, with prejudice, and that the Court enter such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant demands trial by jury on all issues so triable.

Dated: April 29, 2026                    Respectfully submitted by,

*/s/ Michael B. Homer*
Michael B. Homer
Constantine P. Economides
DYNAMIS LLP
175 Federal Street, Suite 1200
Boston, MA 02110
(617) 693-9732

*Counsel for Defendant Jon Loevy*

## CERTIFICATE OF SERVICE

I, Michael B Homer, hereby certify that a copy of the foregoing Answer was served upon all parties via CM/ECF on April 29, 2026.

*/s/ Michael B. Homer*
Michael B. Homer