**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ADVANCED FLOWER CAPITAL INC. and AFC AGENT LLC,

*Plaintiffs*,

v.

MICHAEL KANOVITZ and JON LOEVY,

*Defendants*.

Civil Action No. 1:25-cv-02996-PKC

**[~~PROPOSED~~] STIPULATION AND CONFIDENTIALITY ORDER**

**WHEREAS**, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a confidentiality order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that they may need to disclose in connection with discovery in this case; and

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

**IT IS HEREBY ORDERED** that any "person" subject to this Stipulation and Confidentiality Order ("Confidentiality Order")—including without limitation the Parties to this action, their officers, directors, employees, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Confidentiality Order—shall adhere to the following terms:

1. Any person subject to this Confidentiality Order who receives from any other person subject to this Confidentiality Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the terms of this Confidentiality Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. A producing person or entity or that person's counsel may designate Discovery Material as Confidential, in whole or in part, only if counsel determines reasonably and in good

Case 1:25-cv-02996-PKC Document 53 Filed 07/28/26 Page 2 of 9

faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3. No person subject to this Confidentiality Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) The Parties, the receiving Party's counsel of record in this action, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter or to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-house counsel (and their support staff) of the receiving Party;

(c) Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that the receiving Party's counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) Any mediator engaged by the Parties or appointed by the Court in this matter;

(e) As to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f) Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) Any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) Mock jury participants, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) Court reporters and their staff, including stenographers engaged to transcribe depositions conducted in this action; and

(j) This Court, including any appellate court, and the court reporters and support personnel for the same.

(k) The persons identified in paragraph 3(a)-(j) shall, prior to obtaining access to "Confidential" Information, (i) be informed of the existence and terms of this Order,

Case 1:25-cv-02996-PKC Document 53 Filed 07/28/26 Page 3 of 9

and (ii) be instructed that they are bound by its terms.

4. A producing party may only designate material as "Highly Confidential - Attorneys' Eyes Only" if said material constitutes "Confidential Information" and the producing party can demonstrate a good-faith basis to believe that the disclosure of the information to the opposing party or third parties would be highly prejudicial and potentially negatively impact the ongoing or future business of the producing entity.

5. Highly Confidential – Attorneys' Eyes Only Discovery Material shall not be disclosed or distributed to any person or entity other than the following:

(a) The receiving Party's counsel of record in this action, and any attorney, paralegal, clerical and other assistant employed by such counsel and assigned to this matter or to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-house counsel (and their support staff) of the receiving Party;

(c) Any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) Court reporters and their staff, including stenographers engaged to transcribe depositions conducted in this action;

(e) This Court, including any appellate court, and the court reporters and support personnel for the same;

(f) Mock jury participants, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(g) As to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy.

(h) The persons identified in paragraphs 5(a)-(g) shall, prior to obtaining access to "Highly Confidential – Attorneys' Eyes Only" Information, (i) be informed of the existence and terms of this Order, and (ii) be instructed that they are bound by its terms.

6. With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portions of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

7. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by:

(a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Confidentiality Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Confidentiality Order"; or

(b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel, and the reporter shall mark its copy accordingly.

(c) During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential, except for any portions that were designated Highly Confidential—Attorneys' Eyes Only during the deposition.

8. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Confidentiality Order. The producing person may also provide substitute copies of the Discovery Material bearing the Confidential or Highly Confidential – Attorneys' Eyes Only designation. The receiving person must then treat the Discovery Material in accordance with the new designation, and take reasonable steps to retrieve and destroy all copies of the previously produced version of the Discovery Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

9. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this proceeding, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

Case 1:25-cv-02996-PKC Document 53 Filed 07/28/26 Page 5 of 9

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with the Court's procedures.

11. Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by inadvertent disclosure connected with this litigation. When a producing Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim except that the producing Party will provide the document to the Court in response to a court order for in camera review.

12. Nothing contained in this Confidentiality Order will affect or restrict the rights of any person with respect to its own documents or information produced in this action.

13. Nothing in this Confidentiality Order will prevent any person subject to it from producing any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 business days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so. Any person who receives such a lawful subpoena or other compulsory process shall also promptly notify in writing the party who caused the subpoena or other compulsory process to issue that some or all of the requested material is subject to this Confidentiality Order, and such notification shall include a copy of this Confidentiality Order. If the producing person timely seeks a confidentiality order, the person served with the lawful subpoena or other compulsory process shall not produce any information designated in this action as Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material before a determination by the court from which the subpoena or other compulsory process issued, unless the person has obtained the producing person's permission. The producing person shall bear the burden and expense of seeking protection in that court of its Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material – and nothing in these provisions should be construed as authorizing or encouraging any person in receipt of a lawful subpoena or other compulsory process to disobey a lawful directive from another court. The materials sought may be produced with the agreement of the producing person or if the producing person does not respond within ten (10) business days after receiving the written

Case 1:25-cv-02996-PKC Document 53 Filed 07/28/26 Page 6 of 9

notice described above.

14. All persons seeking to file redacted documents or documents under seal with the Court shall follow the Court's Individual Rules.

15. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

16. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be redacted by the producing person and maintained in a manner that is secure and confidential. In the event that the person receiving PII or other Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material experiences a data breach, such person immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII or other Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material from unauthorized disclosure. Parties do not, by agreeing to the Confidentiality Order, waive their legal obligations with respect to data protection in any foreign jurisdictions.

18. This Confidentiality Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, each Party's counsel of record in this action may retain

Case 1:25-cv-02996-PKC Document 53 Filed 07/28/26 Page 7 of 9

one archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as well as any and all emails that contain, discuss or summarize such information.

19. All persons subject to this Confidentiality Order acknowledge that willful violation of this Confidentiality Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Confidentiality Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: July 27, 2026
New York, New York

Respectfully submitted,

**DYNAMIS LLP**

*/s/ Michael B. Homer*
Michael B. Homer
Constantine P. Economides
175 Federal Street, Suite 1200
Boston, MA 02110
(617) 693-9732
mhomer@dynamisllp.com
ceconomides@dynamisllp.com

*Counsel for Defendants Michael Kanovitz and Jon Loevy*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Kevin S. Reed*
Kevin S. Reed
Jacob J. Waldman
Jacqueline M. Stykes
295 Fifth Avenue
New York, NY 10016
(212) 849-7000
kevinreed@quinnemanuel.com
jacobwaldman@quinnemanuel.com
jacquelinestykes@quinnemanuel.com

Jason Sternberg (*pro hac vice*)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com

*Attorneys for Plaintiffs Advanced Flower Capital, Inc. and AFC Agent LLC*

SO ORDERED:

HON. P. KEVIN CASTEL
United States District Judge

Dated: 7-28-26
New York, NY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ADVANCED FLOWER CAPITAL INC. and AFC AGENT LLC,

*Plaintiffs*,

v.

MICHAEL KANOVITZ and JON LOEVY,

*Defendants*.

Civil Action No. 1:25-cv-0299-PKC

**NON-DISCLOSURE AGREEMENT**

I, ______________________________, acknowledge that I have read and understand the Stipulation and Confidentiality Order (the "Confidentiality Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential—Attorneys' Eyes Only. I agree that I will not disclose such Discovery Material to any other person; that I will not use such Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Order could subject me to punishment for contempt of Court.

Dated: ______________________________ ______________________________