UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ADVANCED FLOWER CAPITAL INC.
and AFC AGENT LLC,

Plaintiffs,

25-cv-2996 (PKC)

-against-

ORDER

MICHAEL KANOVITZ and JON LOEVY,

Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

The Court has reviewed the letter of plaintiff AFC (ECF 58) and the response of defendants (ECF 59) concerning a letter sent by the "Senior General Counsel" of Justice Cannabis Co. ("Justice Cannabis" or the "Company"), allegedly owned and managed by defendants,[1] to two individuals—nonparties—at least one of whom has been subpoenaed in this action. (ECF 58-1). The letter is misleading and attempts to interfere with the individual's response to and compliance with the subpoena.

The Senior General Counsel's Letter Regarding the Subpoenas

In the Senior General Counsel's letter of August 25, 2026, he expresses his understanding that subpoenas have been issued to the the two individuals to whom the letter is addressed and warns them that documents created while employed at the Company "are the property of [the Company] and constitute proprietary information." It then refers to the Justice

[1] The First Amended Complaint at ¶1, 3 alleges that "Defendants Jon Loevy and Michael Kanovitz are two Chicago attorneys who own and control a network of cannabis companies" and that they "built their multi-state cannabis operations starting in 2014 when they co-founded "Justice Grown" (also known as 'Justice Cannabis Co.')." It further alleges that they are majority owners and co-managers of the parent company.

Cannabis "Employee Handbook" that "prohibits Team Members from copying or disclosing Company files, records, or other confidential or proprietary information."

The Senior General Counsel next purports to provide the following legal advice to the two subpoenaed individuals: "any documents containing, reflecting or referring to communications with Jon Lovey, Mike Kanovitz, Joel Feldman, Gail Brashers-Krug, or any other lawyer constitute materials legally protected by the attorney-client privilege." He adds that "[y]ou are therefore legally prohibited from disclosing to a third party any such privileged communications."

The author endeavors to negate the import of all that he has said by stating that "[n]othing in this correspondence is intended to interfere with any legally protected right you may have . . . to comply with valid legal process." But then gives the following instruction: if you have "any documents, data or material from your time at" the Company, "you or your attorney <u>must</u> contact the Company before producing them so that we can take the steps necessary to protect the Company's rights." (emphasis added.)

Finally, the Senior General Counsel asks the two individuals to confirm receipt of his letter and cautions that "communications concerning the subpoenas, requested materials, and potential production may be discoverable in the ongoing litigation."

<u>The Prohibition Against Witness Tampering and the Provisions of Rule 45</u>

The crime of tampering with a witness, punishable by not more than twenty years of imprisonment, includes the following:

> Whoever knowingly . . . engages in misleading conduct toward another person, with intent to--
> (2) cause or induce any person to--

> (A) . . .withhold a record, document, or other object, from an official proceeding. . . ."

18 U.S.C. § 1512(b)(2)(A).[2]

The Court's reference to the witness tampering statute, which is applicable to a civil proceeding, illustrates that, at a minimum, the letter has likely crossed the line into the impermissible. Legal disclaimers notwithstanding, the thrust and import of the August 25, 2026 letter is the communication of misleading information to the subpoenaed individuals. The letter implies, if not states, that if the individuals have any materials from their time with the Company, they have violated their legal obligation to the Company by "copying" such information and that they would be further violating their obligation by "disclosing" the materials. The statement that all communications with a Company lawyer are privileged is again misleading because all communications with an employer's lawyer are not privileged, though some may be. It is misleading to state that the individuals are "prohibited" from disclosing documents falling within the author's erroneous definition of a privileged communication. It is also misleading to state that they "must" contact the Company if they have any materials from their time with the Company before producing them in response to the subpoenas.

There was a method to address any of the Senior General Counsel's legitimate concerns. Rule 45(a)(4), Fed. R. Civ. P., provides that "[i]f the subpoena commands the production of documents . . . before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." The Advisory

[2] The statute addresses the actions of one who knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person. 15 U.S.C. § 1512(b). The use of the disjunctive "or" shows that these are alternative ways of proving witness tampering violation. See United States v. Baker, 2022 WL 1444239, at *5 (E.D.N.Y. May 6, 2022).

Committee Notes to the 2013 revision comments that "[t]he amendments are intended to achieve the original purpose of enabling the other parties to object. . . ." Defendants, after consultation with opposing counsel, could have moved to quash or modify the subpoena. Rule 45(d)(3), Fed. R. Civ. P. They did not so. Instead, the Senior General Counsel of their Company endeavored to shape the response and compliance of the subpoenaed individual.

The Court ORDERS defendants to cause a letter to be sent to the two individuals withdrawing the August 25, 2026 letter, as well as any similar communication with any person suspected of receiving a subpoena issued under the authority of this Court. The Court also ORDERS defendants to refrain from any future interference with subpoena compliance.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 13, 2026