DYNAMIS LLP

October 17, 2026

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Advanced Flower Capital Inc., et al., v. Michael Kanovitz and Jon Loevy*, No. 1:25-CV-02996-PKC**

Dear Judge Castel:

On behalf of Defendants, we take seriously the Court's Order of October 13, 2026, regarding non-party subpoenas (Dkt. No. 61) (the "October 13 Order"). As set forth below, we have taken steps to ensure the problem does not repeat. We write out of an abundance of caution to provide the Court with additional information pertaining to the October 13 Order, and the Notice of Compliance which Defendants filed on October 15, 2026 (Dkt. No. 62) (the "Notice of Compliance").

Several hours after the filing of the Notice of Compliance, the undersigned learned that, prior to the Court's issuance of the October 13 Order, attorneys associated with Defendants' company, Justice Cannabis Co., had notified the General Counsel for a subpoena recipient, Law Finance Group LLC ("LFG"), that Defendants intended to move for a protective order to limit the scope of Plaintiffs' subpoena to LFG. LFG is a litigation finance company that has provided extensive litigation financing over many years to Defendants' law firm, Loevy + Loevy. Defendants intended to seek judicial relief to limit the scope of discovery from LFG, as Plaintiffs' subpoena is overbroad and seeks sensitive financial data of Defendants and their law firm, potentially including information related to their firm's clients, that has no relevance to this case. No letters like the letter at issue in the Court's October 13 Order were ever sent to LFG.

On the morning of October 15, an attorney associated with Justice Cannabis Co. (the "Justice-Associated Attorney") continued emailing with LFG regarding the subpoena and Defendants' anticipated motion for a protective order. Neither Defendants nor the undersigned were aware of these emails until the evening of October 15, several hours after the filing of the Notice of Compliance. A copy of these emails has been provided to opposing counsel.

In these October 15 emails, the Justice-Associated Attorney inaccurately represented to LFG that Defendants had negotiated with Plaintiffs a more limited scope and an extension of the deadline for compliance with Plaintiffs' subpoena. Although the undersigned did contact Plaintiffs on October 15 to seek to negotiate a more limited scope of discovery and to request an extension of the deadline for compliance, that communication did not take place until several hours later that

day. The email from the Justice-Associated Attorney, therefore, was not accurate in representing that such negotiations were underway, much less completed, when the email was sent to LFG.

To remedy this issue, Defendants have implemented the following:

(1) At Plaintiffs' request, Defendants have disclosed to Plaintiffs all communications involving the Defendants, their representatives, and any subpoena recipient, including but not limited to LFG, as set forth in the emails between the parties attached as Exhibit 1.

(2) Defendants have elected to waive and forgo their valid objections to the scope of the LFG subpoena, in order to assure Plaintiffs and the Court that Plaintiffs will receive complete and timely production of all discovery they have sought. To that end, the undersigned has informed the General Counsel for LFG that Defendants have decided they will no longer be moving for a protective order, notwithstanding that the subpoena seeks sensitive financial data having nothing to do with this case.

(3) Defendants and the undersigned have instructed the Justice-Associated Attorney and Justice's Senior General Counsel that any future communications with any third-party subpoena recipient in this case must be handled exclusively by Dynamis LLP.

Going forward, there will not be communications between Defendants or their agents and third-party subpoena recipients, outside the undersigned's presence as litigation counsel, so that counsel can control and take full responsibility for the content of such communications.

Defendants and their counsel remain ready, willing, and able to provide the Court with any additional information on this matter.

Dated: October 17, 2026

Respectfully submitted,

DYNAMIS LLP

By: */s/ Michael B. Homer*
Michael B. Homer
Constantine P. Economides
Jamie Hoxie Solano
233 Broadway, Suite 1750
New York, NY 10279
(617) 693-9732
MHomer@dynamisllp.com

cc: counsel of record