**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

AFC may file a motion for sanctions at the conclusion of this action. The Court reserves the right to allow AFC to move at an early interval based upon future developments.
SO ORDERED.
[signature]
USDJ
10-21-26

October 20, 2026

WRITER'S DIRECT DIAL NO.
**(212) 849-7160**

WRITER'S EMAIL ADDRESS
**kevinreed@quinnemanuel.com**

**VIA ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Advanced Flower Capital v. Kanovitz, 1:25-cv-02996-PKC

Dear Judge Castel:

On behalf of AFC, we write briefly in reply to Defendants' October 20, 2026 letter ("Oct. 20 Ltr.") regarding our request that they be sanctioned for subpoena interference in violation of this Court's October 13, 2026 Order (ECF No. 61).

*First*, the cases Defendants proffer for the proposition that a party may confer with a third-party subpoena recipient about potential objections and offer to represent or assist the third-party in responding to the subpoena are inapposite. *See* Oct. 20 Ltr. at 1. None of that is what happened here.[1] Defendants did not merely discuss objections or offer to represent the third-party. Rather, as seen in the emails discussed in our previous letter, Defendants told LFG they would move to quash the subpoena, encouraged LFG not to respond to the subpoena in reliance on a forthcoming motion to quash, and failed to actually prepare any motion to quash. *See* ECF No. 65-7. When LFG sent the Defendants a panicked email the day before its response to the subpoena was due, Defendants' agent, Ms. Brashers-Krug, *lied* to LFG, representing that negotiations with AFC had been "successful," with AFC agreeing to narrow the subpoena and hold it in abeyance pending a final agreement. *Id.* at 3. Believing the lie that AFC had agreed to narrow the subpoena, LFG asked what documents it should collect. *Id.* at 2. Ms. Brashers-Krug then told LFG to pull a narrow set of documents conforming to a narrowed scope that AFC had not agreed to. *Id.* Defendants were not in any sense helping LFG; they were improperly delaying and narrowing LFG's response to AFC's subpoena.

*Second*, as explained in our prior letter, the record belies Defendants' claim that they were unaware of Ms. Brashers-Krug's October 15 emails, but if Defendants wish to have a hearing on that issue, AFC would welcome the opportunity to question Defendants, Mr. Hymowitz, and Ms. Brashers-Krug under oath. Even apart from those emails, the record leaves no doubt that

[1] None of Defendants' cases involved a party that had been ordered, days earlier, to refrain from interfering with subpoena compliance.

(i) Defendants filed a "Notice of Compliance" (ECF No. 62) with the Court that failed to disclose that, prior to October 13, they had encouraged LFG not to respond to AFC's subpoena and had not corrected that misconduct, and (ii) Defendants, after receiving the Court's October 13 Order directing them to cease any subpoena interference, failed to ensure that their agents (including Ms. Brashers-Krug, whom Defendants concede was acting as their "agent," ECF No. 66 at 2) followed that direction. Both facts reflect their bad faith and failure to respect this Court's authority.

*Third*, Defendants argue that there is no prejudice to AFC because they have stopped interfering with the subpoena to LFG—essentially no harm, no foul. Prejudice nonetheless obtains. Beyond the cost and delay Defendants have caused, their conduct has compromised AFC's third-party discovery in ways a belated waiver cannot fix. Witnesses who were threatened with legal action or told what to produce may now be reluctant to cooperate fully, or may shade their deposition testimony accordingly. And because AFC learned of both episodes only by happenstance, it cannot know whether other witnesses received similar overtures.

*Finally*, Defendants purport to take "full responsibility" for the "actions of their agent" for what they admit was misconduct by Ms. Brashers-Krug on October 15, but they follow that with a plea to avoid any consequences for the misconduct, except to forgo objections that had already been waived. Oct. 20 Ltr. at 2. That is the opposite of taking full responsibility. Defendants received the benefit of the doubt once. They should not receive it twice

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Kevin S. Reed*

Kevin S. Reed

cc: All counsel of record (via ECF)